## No. 17,098.

DUMONT ET AL. *v.* TEETS, DIRECTOR.

(262 P. [2d] 734)

Decided October 26, 1953.

Messrs. GARWOOD & GARWOOD, Messrs. GALLIGAN & FOLEY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. HENRY E. ZARLENGO, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

A PARTNERSHIP, doing business as Dumont Sales Company, with offices and warehouse located in Denver, Colorado, and engaged in selling maintenance equip-

ment and janitorial supplies, had so-called agents, who had applied to the company for permission to sell its merchandise, and who were, in some instances, assigned definite territory within which to solicit orders, and others were given no particular territory. These agents used their own automobiles and furnished all expenses thereof in covering whatever territory they desired without reimbursement from the company. They solicited orders, representing to the customers that they were obtaining orders for the company. They were not required to devote any particular amount of time in soliciting orders; nor did they have any fixed time of service; they were not required to canvass any particular territory at any stated time, nor required to call on any particular customers; they were permitted to engage in other employment; they were not required to sell any given amount of merchandise so long as they produced a reasonable amount of business, and thereby retained their standing as agents of the company. The relationship between these agents and the company was subject to termination at any time by either party. The monies due from the sale of the company's products were remitted directly to the company, which in turn paid the agent a commission on the amount of product sold. If the money due was uncollected, the agent received nothing for his services. The company exercised no supervision over the agents' services, and, in fact, some of the agents devoted part of their time to representing other firms, and all agents of the company were free to take on any other line of work and at the same time continue representing the company even though on a part-time basis. The company had no control over the activities of the agent with the exception of the right to terminate the contract, and the agent had the same right.

Such is the substance of the agreed statement of facts upon which this case was submitted to the trial court, where the Company, as plaintiff, sought a declaratory judgment to the effect that these agents were independ-

ent contractors and not employees, and thereby be relieved from making contribution to the State Department of Employment Security, which had been attempting to collect such contributions from the company on the claim that these agents were employees of the company and thereby the company came within the terms of the Unemployment Compensation Act. Upon submission of the case to the trial court on the above stipulated facts, the court entered an order determining that these agents of the company were not independent contractors and entered judgment for the executive director of the Department of Employment Security, who was the defendant.

Error is specified, and the case rests solely upon one issue: Were the agents of plaintiff in error employees, or were they independent contractors? The word "employee" is nowhere defined in the Act, which is known and cited as Colorado Unemployment Compensation Act, chapter 2, Session Laws of 3d extra session of 1936, and all amendments thereof. Therefore, the word "employee" retains its ordinary and customary meaning, and in this case, as is the general rule, the answer as to what is or what is not an employee, or what is, or what is not an independent contractor, rests upon the test, which is: Does the employer retain or have the right of control over the person as to all details of the work, or whether that rests solely with the person engaged? In the instant case there are no particular services required and no time limit fixed, but whatever work these agents did was performed at their convenience. According to the prevailing rule and the decisions of this court, the persons here involved are definitely to be classified as independent contractors. The latest expression of our court on this question is to be found in the case of *Meyer v. Lakewood Country Club*, 122 Colo. 110, 220 P. (2d) 371. To confirm this view we need look no further than the fact stipulated herein: "Some agents devote full time to soliciting orders for Dumont Sales Company, while other agents devote part of their time to

other firms, and all agents are free to take on any other line of work at any time and to continue representing Dumont Sales Company on a part-time basis."

The statutes, as set up under the Act require only those employers, who have "employees," in the ordinary sense of the word, to contribute to the fund.

In view of the above determination that the persons here involved are not "employees" in the ordinary sense of that word, the company did not become liable for the claims made for contribution by the Department, and the judgment of the trial court, holding that the persons here involved are "employees" is wrong, and not supported by the stipulated facts; therefore it should be, and is, reversed.