Ruth Lee DOW, Appellant,

v.

Joseph E. CONNELL et al., Appellees.

No. 553–70.

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 1971.

Rehearing Denied Sept. 13, 1971.

Wilber E. Dow, Jr., New York City (Michael B. Lavinsky, Denver, Colo., on the brief), for appellant.

Richard W. Laugesen, Denver, Colo., (Wormwood, Wolvington & Dosh, Denver, Colo., Sheldon, Bayer, McLean and Glasman, and George M. Allen, Denver, Colo., with him on the brief), for appellees.

Before SETH, COFFIN*, and DOYLE, Circuit Judges.

SETH, Circuit Judge.

This case began as a personal injury action brought by Ruth Lee Dow against Joseph E. Connell in the United States District Court for the District of Colorado. The issue on appeal is the correctness of the trial judge's action in directing a verdict for the defendants other than Connell.

Jurisdiction was based on diversity of citizenship. Connell was a traveling salesman, who solicited orders in the Rocky Mountain area for the products of four clothing firms. On the evening of March 29, 1967, Connell was in Aspen, Colorado, and having completed his business calls for the day, he had dinner and then sought a place of lodging for the night. Finding lodging rooms to be expensive in Aspen, he decided to drive to Glenwood Springs to spend the night. On the way there he was involved in an automobile accident which resulted in serious injury to the plaintiff. The de-

* Of the First Circuit, sitting by designation.

tails of the accident are not important here, as the trial court directed a verdict against Connell on the issue of negligence, and that verdict is not questioned in this appeal.

After filing the original suit against Connell, the plaintiff amended her complaint to join as defendants the four firms for whose goods Connell solicited orders. At trial plaintiff attempted to establish that at the time of the accident Connell was the servant of the four firms and was acting within the scope of his employment when the accident occurred. The evidence adduced on this issue consisted of answers to interrogatories submitted to the four firms, and the testimony of Connell. At the conclusion of the evidence, the trial judge directed a verdict in favor of the four manufacturing firms, and dismissed the complaint as to those four defendants. Thereafter, a verdict having also been directed against Connell on the issue of negligence, the jury returned a verdict in favor of Dow and against Connell in the amount of $50,000.00 upon which the court entered judgment. Dow has appealed from the judgment of dismissal of all defendants except Connell, and from the final judgment entered on June 15, 1970.

In addition to urging that the complaint against the four manufacturing firms should not have been dismissed, plaintiff argues that the trial court erred in refusing to allow plaintiff's counsel to advise the jury of the amount demanded in the complaint and in refusing to submit the issue of exemplary damages to the jury. However, plaintiff has stipulated that these questions concerning damages need not be considered if this court affirms the dismissal of the complaint against the four manufacturing firms.

In examining the dismissal of the four manufacturers, it was said, on a motion for directed verdict, in Long v. Clinton Aviation Co., 180 F.2d 665 (10th Cir.):

" * * * [T]he evidence and the inferences that may fairly be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed, and if the evidence and the inferences viewed in that manner are of such character that reasonable men in the exercise of fair and impartial judgment may reach different conclusions in relation to the critical issue, the motion should be denied and the issue submitted to the jury."

See also, Anderson v. Hudspeth Pine, Inc., 299 F.2d 874 (10th Cir.); Zelinger v. Uvalde Rock Asphalt Co., 316 F.2d 47 (10th Cir.).

It is plaintiff-appellant's contention, of course, that there is liability on the part of the four firms under the doctrine of respondeat superior. The four firms, on the other hand, argue that Connell was an independent contractor, and deny liability for his acts. By directing a verdict for the four firms, the trial court determined, in effect, that from the evidence presented reasonable men could not conclude otherwise than that Connell was an independant contractor. We agree. On the basis of the scant evidence on this question presented to the district court, it is clear that Connell was an independent contractor.

Connell solicited orders in the Rocky Mountain area for the merchandise of four firms, Karma Fashions, Edgar C. Hyman Co., Inc., Arnelle of California, and Shedrain Umbrella Company. He called on various retail merchants in his territory without generally reporting his activities to any of the four firms beyond submitting orders for merchandise when received. None of the firms had any control over his activities, although occasionally one of the firms would suggest potential customers. He was reimbursed on a straight commission basis, and he paid all of his own expenses. None of the four firms carried liability insurance, workmen's compensation insurance, or unemployment compensation insurance on him. There were no deductions from his compensation for social security or federal or

state income tax. Although he carried business cards issued by the four firms, he paid for these himself. In short, the four firms did not exercise control over Connell's activities; he was not an employee, in the ordinary sense of the word, of any of the four defendant firms. See Dumont v. Teets, 128 Colo. 395, 262 P.2d 734 (1953), and Sands v. Industrial Comm'n, 160 Colo. 42, 413 P. 2d 702 (1966). We agree with plaintiff that no single factor determines the existence of an employer-employee relationship, and that the totality of circumstances must be considered. The circumstances of this case leave no doubt that Connell was not an employee of any of the four defendant firms. Accordingly, the judgment of the trial court dismissing the complaint as to Karma, Arnelle, Shedrain, and Edgar C. Hyman Co. is hereby affirmed. At the request of plaintiff, we have refrained from examining the remaining issues in the case concerning damages.

Affirmed.