SCHMIDT–TIAGO CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff-Appellant,

v.

The CITY OF COLORADO SPRINGS, a municipal corporation, Defendant-Appellee,

and

Allan D. MILLER, Defendant-Appellee and Third-Party Plaintiff,

v.

GOLDEN CYCLE CORPORATION, Third-Party Defendant.

No. 80CA0908.

Colorado Court of Appeals, Div. II.

Aug. 20, 1981.

J. Royce Renfrow, P. C., J. Royce Renfrow, Colorado Springs, for plaintiff-appellant.

James G. Colvin, II, City Atty., Colorado Springs, for defendant-appellee, The City of Colorado Springs.

Frank W. Davis, Colorado Springs, for defendant-appellee and third-party plaintiff.

PIERCE, Judge.

This action involves the scope of five irrevocable letters of credit issued by the Exchange National Bank to the City of Colorado Springs. We affirm the judgment of the trial court.

The Colorado Springs City Code § 13–22 provides that the City may obtain letters of credit to guarantee that municipal improvements will be made by the developers of subdivisions. Pursuant to this ordinance, the City received five letters of credit issued by the Exchange National Bank allowing it to present drafts for the completion of street grading, drainage, sidewalk, endcurb and gutters within a subdivision being developed by Allan D. Miller and others. The specified work was completed by Miller and his associates and no drafts were submitted to the Bank by the City within the time period set forth in the letters of credit.

It is alleged, however, that Miller did not pay one of its subcontractors, Schmidt-Tiago, for labor and materials furnished on these projects. It is the contention of Schmidt–Tiago that it is a third-party beneficiary of the letters of credit and that the trial court should have declared that the City held the letters of credit as a constructive trustee for the subcontractor. We disagree.

■ The City ordinances which require the City to obtain assurances from land developers make no provision for the protection of third-parties. The ordinances re-quire only that the City obtain protection for itself and the public that it serves to assure that subdividers will complete required public improvements. These ordinances cannot reasonably be interpreted to imply that there was any intent to protect any party other than the City.

■ Letters of credit are governed by § 4–5–101, et seq., C.R.S.1973, and must meet the technical requirements provided by that statute. *East Bank of Colorado Springs v. Dovenmuehle, Inc.*, 196 Colo. 422, 589 P.2d 1361 (1978). The letters of credit included in this transcript meet the requirements of the statute and are definitive as to the protection afforded to the City and as to what requirements must be met by the City in order to draw on the funds. Since the work was completed as required by the City it could make no demand on the Bank. And, since no drafts were issued on the account by the City within the time limit prescribed, there could be no liability on the Bank to the City or anyone else. *See Hyland Hills Metropolitan Park & Recreational District v. McCoy Enterprises, Inc.*, 38 Colo.App. 23, 554 P.2d 708 (1976).

Because Schmidt-Tiago had not been paid and the City had indirectly received the benefits of its services, Schmidt-Tiago asks us to fashion an equitable remedy and declare that a constructive trust should be invoked against the City here.

Under these letters of credit, the rights of all the parties were defined and established by law with certainty. Under these circumstances the court may not employ an equitable remedy. *People ex rel. Winbourn v. District Court*, 87 Colo. 316, 287 P. 849 (1930). Schmidt-Tiago's attempt to create a constructive trust under these circumstances fails because there is no *res*, and we certainly are not at liberty to create any type of equitable trust. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The judgment is affirmed.

STERNBERG and TURSI, JJ., concur.