**Howard T. HYLAND, Plaintiff-Appellant and Cross-Appellee,**

**v.**

**PIKES PEAK CAPITAL CORP., d/b/a Transwestern Properties, Inc., a Colorado corporation, Defendant-Appellee and Cross-Appellant.**

**No. 84CA0507.**

Colorado Court of Appeals, Div. II.

Nov. 29, 1985.

Rehearing Denied Dec. 26, 1985.

Braden, Frindt & Krall, P.C., Ralph A. Braden, Jr., Colorado Springs, for plaintiff-appellant and cross-appellee.

Robert W. Johnson, Scott W. Johnson, Colorado Springs, for defendant-appellee and cross-appellant.

STERNBERG, Judge.

Plaintiff, Howard T. Hyland, and defendant, Pikes Peak Capital Corp. d/b/a Transwestern Properties, Inc., each seek review of a judgment which awarded Hyland the unpaid portions of several commissions earned when Hyland was acting as a salesman for Transwestern, but which awarded Transwestern attorney fees. We reverse both judgments.

Pursuant to an agreement dated March 16, 1979, Hyland and four other real estate salesmen each acquired ⅙ of the outstanding stock of Transwestern. The agreement provided that, for each sale by Transwestern, 70 percent of the commission received would go to the salesman responsible for the sale and the remaining 30 percent would go to the corporation. However, the

agreement also provided that "a commission split different from that set forth above has been entered into with Tom Hyland...." The agreement did not specify what Hyland's commission split was to be.

Evidence presented at trial indicated that a disagreement developed between Hyland and the other members of Transwestern concerning the treatment of Hyland's sales commissions. This dispute was resolved through a second agreement, dated April 29, 1981, under which Hyland received various considerations in settlement of his commission claims and which provided that "[e]ffective April 1, 1981 ... for a period of one year" Hyland would receive 100 percent of the commissions on his sales minus ⅕ of Transwestern's operating expenses for that year.

Hyland's status as a salesman for Transwestern was terminated in May 1982. Hyland subsequently brought suit alleging that he had received only 70 percent of several commissions and seeking to recover the remaining 30 percent less his pro rata share of Transwestern's operating expenses, together with the statutory penalty and attorney fees. The trial court found that the rights of the parties were controlled by the 1981 agreement and that Hyland was therefore entitled to the 30 percent of his commissions retained by Transwestern less expenses. The trial court found in addition that Hyland's status was not that of an employee of Transwestern under § 8–4–101, C.R.S., and that he was therefore not entitled to the penalty for nonpayment of wages set forth in § 8–4–104(3), C.R.S. Subsequently, the trial court awarded Transwestern attorney fees pursuant to § 8–4–114, C.R.S.

## I.

■ Transwestern contends on appeal that the trial court erred in awarding Hyland any portion of the 30 percent of the sales commissions it retained. We agree.

If an agreement is unambiguous, it must be enforced according to its express terms. *See Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo. 1981). The 1981 agreement expressly provided that it was to be "[e]ffective April 1, 1981 ... for a period of one year ..." and that distributions were to be made "[a]s of the close of business on March 31, 1982 and on March 31 of each agreed contract year thereafter in writing ..." of the retained portions of sales commissions "received during the previous 12 months...." There was no evidence of any extension of the agreement.

According to the stipulation of the parties, a portion of the commissions at issue arose from a sale in which the contract was entered in December 1981 and closed in May 1982, and the remainder arose from a sale contracted after April 1, 1982, and closed in July 1982. Thus, in neither case were the commissions received before March 31, 1982. Accordingly, the 1981 agreement is, by its express terms, applicable to neither transaction.

Hyland contends that upon the expiration of the 1981 agreement, the 1979 agreement became effective again, and that he was entitled to the same 30 percent of the commissions less expenses under the 1979 agreement as under the 1981 agreement. However, the record is devoid of any evidence that the parties agreed that the 1979 agreement would control in the event that the 1981 agreement was not extended. Moreover, the 1979 agreement did not specify the commission split to which Hyland was entitled. Accordingly, Hyland's contention is without merit. As Hyland did not prove that he was entitled to a greater share of the commissions than he had already received, the trial court erred in not entering judgment for Transwestern on the commission claim.

## II.

■ Hyland contends that the trial court erred in awarding Transwestern attorney fees. We agree.

The award was made under § 8–4–114, C.R.S., which provides for attorney fees for

the winning party in actions in which "it is necessary for an *employee* to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8–4–104 and 8–4–105...." (emphasis added) Thus, it is necessary to determine as a preliminary matter whether the trial court was correct in its determination that Hyland was not an "employee" under the statute.

Section 8–4–101(5), C.R.S., defines "employee" as:

"any person ... performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed."

Here, there was evidence that Transwestern did not determine the time, place, or manner in which Hyland conducted his sales activities, and did not withhold income tax, or social security from his commissions. Moreover, the five salesmen of Transwestern were also co-owners of 5/6 of the stock of the corporation.

While cases concerning common law employee status are merely persuasive and are not determinative of our construction of § 8–4–101(5), we note that common law employee status has been held not to exist under circumstances substantially similar to those of the instant case. *See Dow v. Connell*, 448 F.2d 763 (10th Cir.1971); *see generally Dumont v. Teets*, 128 Colo. 395, 262 P.2d 734 (1953). We therefore conclude that the trial court's determination that Hyland was not an employee is supported by the record. Since Hyland was not an employee, the remedy provided by § 8–4–114 was available to neither party.

In view of our holding, it is unnecessary for us to address Hyland's remaining contentions.

The judgment is reversed and the cause is remanded with instructions to dismiss each party's claims.

VAN CISE and METZGER, JJ., concur.