**TIMOTHY C. WIRT, M.D., P.C. and James S. Warson, M.D., P.C., Claimants–Appellees,**

v.

**Helen PROUT, as Personal Representative of the Estate of Mabel Eileen Payne, and Helen Prout, as Personal Representative of the Estate of E. Milton Payne, Defendants-Appellants.**

No. 85CA1801.

Colorado Court of Appeals, Div. II.

March 10, 1988.

Law Offices of Kenneth C. Wolfe, P.C., Kenneth C. Wolfe, Fort Collins, for claimants-appellees.

Hill, Hill and Manges, P.C., Alden T. Hill, Gerald W. Laska, Fort Collins, for defendants-appellants.

BABCOCK, Judge.

Helen Prout, personal representative of the estates of Mabel Eileen Payne and E. Milton Payne, appeals from an order determining that she holds $3,151.54 in constructive trust for claimants, Timothy C. Wirt, M.D., P.C., and James S. Warson, M.D., P.C. We reverse.

The facts are undisputed. Mrs. Payne was an elderly pensioner covered by a medical reimbursement plan funded by Mountain Bell. The Equitable Life Assurance Society (Equitable) administered the plan.

In September 1983, Mrs. Payne was admitted unconscious to the Poudre Valley Hospital in Fort Collins. Drs. Wirt and Warson performed emergency neurological surgery. However, Mrs. Payne died approximately three months after the surgery without regaining consciousness.

The doctors rendered proper care and treatment to Mrs. Payne. It is undisputed that their $3,149.50 charges are reasonable.

The doctors submitted claims to Equitable before Mrs. Payne died. After Mrs. Payne's death, Equitable paid $3,116.51 to Mrs. Payne's estate on the doctors' claims. The funds are held in the estate's account. Mrs. Payne's estate is insolvent.

Before his death, pursuant to § 15–11–402, C.R.S. (1987 Repl.Vol. 6B), Mr. Payne, as the surviving spouse, elected to receive his exempt property allowance. Accordingly, when the court found that the funds from the medical services reimbursement constituted a constructive trust, it diminished Mr. Payne's exempt property allowance.

The doctors argue that the court properly impressed a constructive trust upon the funds to prevent an unjust enrichment.

They claim that, pursuant to § 15–11–402, C.R.S. (1987 Repl.Vol. 6B), their claims take priority over the surviving spouse's exempt property allowance because Mrs. Payne's personal representative acquired the funds as a constructive trustee. We disagree.

■■■ A constructive trust arises in the presence of fraud, duress, abuse of confidence, or some other form of questionable or unconscionable conduct by which the trustee obtained property. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). In all such situations, however, a constructive trust is appropriate only if there has been wrongful conduct by the party charged with the trust. *Page v. Clark, supra.*

■■ Here, the elements of a constructive trust are lacking. Fraud and duress are not involved. Although a confidential relationship existed between the doctors and Mrs. Payne, the alleged unjust enrichment did not result from abuse of that relationship. Moreover, the physicians did not engage in wrongdoing by simply seeking reimbursement for the medical services, nor did Mr. Payne by claiming the statutory exempt property allowance. Therefore, there is no basis to impress a constructive trust upon the medical services reimbursement funds received by the personal representative.

The parties have never asserted, and the trial court has never addressed, the issue whether a resulting trust arose in this case. Accordingly, we will not address this issue. *See Wickland v. Snyder,* 39 Colo.App. 403, 565 P.2d 976 (1977).

Before enactment of the Colorado Probate Code, the General Assembly afforded doctors a statutory priority for claims for expenses of a decedent's last illness (third class claims) over all allowances to surviving spouses (fourth class claims). *See* C.R.S. 1963, 153–12–11. Enactment of § 15–11–402, C.R.S. (1987 Repl. Vol. 6B) clearly and unambiguously reversed that policy by providing that a surviving spouse's exempt property allowance "has priority over *all claims* against the estate, except for property held by or in possession of the deceased ... as trustee." (emphasis added) *See also* § 15–12–805, C.R.S. (1987 Repl.Vol. 6B).

Here, equity's intervention by the imposition of either a constructive or resulting trust would judicially amend a clearly stated beneficent legislative policy in favor of surviving spouses and impermissibly invade the province of the General Assembly. *See McCutchen v. Osborne,* 61 Colo. 408, 158 P. 136 (1916) (a statutory claim preference will not be construed further than its language clearly demands; the term "trustee" in such a statute includes only trustees holding property under an express or special trust).

The order is set aside.

SMITH, J., concurs.

PLANK, J., dissents.

PLANK, Judge, dissenting.

I respectfully dissent.

Although I do not quarrel with the majority's conclusion that imposition of a constructive trust is not the proper vehicle to sustain the physicians' claim to their fee, I believe the trial court did reach the correct result and would affirm its ruling.

In my view, the estate should be viewed as holding the funds in question as trustee under a resulting trust in favor of the physicians.

In contrast to a constructive trust, a resulting trust is invoked by equity as a means of giving effect to the intent, actual or implicit, of the parties involved. *See In re Marriage of Heinzman,* 198 Colo. 36, 596 P.2d 61 (1979) (resulting trust is intent-enforcing trust). Here, without a doubt, Mrs. Payne, had she regained consciousness, would have intended for the physicians to receive their fee for the medical care they provided to her and would have, if necessary, established an express trust to carry out that intent.

Equity has been willing to imply the intent necessary to sustain a resulting trust, and I see no basis for it not to recognize such intent as regards the medically disabled one here involved.

If an additional reason is needed to invoke the powers of equity here, one need look no further than the fact that the asset at issue came into existence only by virtue of the efforts of the physicians to save the life of Mrs. Payne.

Also weighing in favor of creating a resulting trust here is the fact that Mountain Bell created the medical reimbursement plan for the benefit of retired employees. It intended that Mrs. Payne would not be burdened with medical expenses and that the doctors would receive their fee for the medical care provided to her. Again, if necessary, an express trust could have been established to carry out that intent.

In my view, the equitable vehicle of a resulting trust is readily usable to bring the intent of Mrs. Payne or Mountain Bell to fruition. Accordingly, since the trial court reached the right result, I would affirm its ruling.