**VAN SCHAACK HOLDINGS, LTD., a partnership, and H.C. Van Schaack, III, each individually and/or derivatively on behalf of Box Elder Farms Company, a Colorado corporation, Plaintiffs–Appellees,**

v.

**L.C. FULENWIDER, Jr., L.C. Fulenwider III, and L.C. Fulenwider, Inc., a Colorado corporation, Defendants–Appellants.**

Nos. 86CA0401, 86CA0585, 86CA1335 and 86CA1649.

Colorado Court of Appeals, Div. IV.

Sept. 1, 1988.

As Modified on Denial of Rehearing Oct. 13, 1988.

Certiorari Granted (Van Schaack) Feb. 6, 1989.

Brenman Raskin Friedlob & Tenenbaum, P.C., Richard H. Goldberg, Denver, for plaintiffs-appellees.

Holme Roberts & Owen, Vicki Baer, Denver, Richard C. Wilkins, Provo, Utah, for defendants-appellants.

PLANK, Judge.

In this consolidated appeal, defendants, L.C. Fulenwider, Jr., L.C. Fulenwider III, and L.C. Fulenwider, Inc., (Fulenwider) appeal certain judgments of the trial court entered in this action brought by Van Schaack Holdings, Ltd., and H.C. Van Schaack III (Van Schaack), as plaintiffs. We affirm in part, reverse in part, and vacate two judgments of the trial court.

This dispute concerns property in Adams County owned by a corporation, Box Elder Farms Company (Box Elder), including a portion of the land where the new Denver airport may be constructed. The shareholders and directors of Box Elder are, and have historically been, members of the Van Schaack and Fulenwider families.

For several decades, the families have held stock in the corporation on an equal basis. Throughout several generations, Van Schaack and Fulenwider have entered into management agreements whereby Fulenwider operates the Box Elder property in exchange for a percentage of gross income. The management contracts have traditionally run for ten to twelve years, and were replaced by new agreements.

In the 1962 management agreement, the parties agreed that: "In the event any property of Box Elder shall be taken through condemnation, Fulenwider shall receive from Box Elder a fee equal to 8% of the gross award made to Box Elder on account of the taking of such property." The parties subsequently incorporated this clause into the 1972 management agreement.

In 1982, shortly before the 1972 agreement was due to expire, the parties became aware that a portion of the Box Elder property might be condemned by Denver for construction of the new airport.

Van Schaack objected to the inclusion of the condemnation clause in the 1982 agreement. Fulenwider then proceeded unilaterally to execute the new management agreement, reducing, however, the condemnation commission to 10% of the gross award.

At the January 1983 annual meetings of Box Elder, Van Schaack voted against ratification of the 1982 agreement. Following this deadlock during the shareholders' meeting, a directors' meeting was held. Although not supported by Van Schaack, the 1982 agreement was approved by the board of directors.

Thereafter, in October 1985, Van Schaack brought this action against Fulenwider on behalf of Box Elder. The complaint sought damages for an alleged breach of fiduciary duty and constructive fraud, and requested an equitable order dissolving Box Elder.

Responding to Van Schaack's motion to expedite the dissolution of the company, the trial court bifurcated the proceedings, continuing trial on the damages issues until October 1988. On March 7, 1986, at the conclusion of a five-day hearing, the trial court entered a judgment ordering the dissolution of Box Elder. The trial court certified this judgment as a final judgment under C.R.C.P 54(b). On March 24, 1986, *nunc pro tunc* March 7, 1986, the trial court entered an order appointing a receiver to oversee the dissolution. Subsequently, the trial court entered orders directing the receiver not to pay certain legal and accounting fees, thereby causing Fulenwid-

er to be responsible for their payment. Fulenwider appealed each of these four judgments in separate appeals, and we have consolidated these appeals for our review.

During the pendency of this appeal, Fulenwider has abandoned the trial court's stay of the dissolution order, and the parties have voluntarily dissolved Box Elder. Box Elder's receiver was discharged by the district court's order of September 10, 1986.

## I.

Defendants urge us to dismiss the appeals of the dissolution order and the order appointing a receiver as moot, and enter an order vacating the trial court orders upon which these appeals are based. We agree, and direct entry of such an order.

The general rule is that when issues presented in litigation become moot because of subsequent events, an appellate court will decline to render an opinion on the merits of an appeal. *Humphrey v. Southwestern Development Co.*, 734 P.2d 637 (Colo.1987). The only exceptions to this mootness doctrine are cases in which the otherwise moot matter is capable of repetition, yet evading review, and those cases involving matters of great public importance or an allegedly recurring constitutional violation. *Humphrey v. Southwestern Development Co., supra.*

■ Here, in May 1986, Fulenwider abandoned the challenge to the trial court's dissolution order by causing, together with Van Schaack, articles of dissolution to be filed with the Colorado Secretary of State. Since then, all parties to this appeal have, at various times, urged the dismissal of the appeals based upon these two orders. We conclude that the appeals of the dissolution order and the order appointing a receiver are now moot as Box Elder has been voluntarily dissolved. Moreover, this case is not one which falls within the scope of the two specific exceptions to the mootness doctrine.

Having concluded that these two appeals are moot, we now determine whether the

underlying trial court judgments should be vacated.

■ When a judgment is made part of a settlement agreement, it is merged in and superseded by the settlement agreement, and is thereafter extinguished. *Young v. Carpenter*, 757 P.2d 148 (Colo.App.1988).

■ Here, although there was no specific written document, Fulenwider's acquiescence to the dissolution of Box Elder, and the parties' voluntary participation in that dissolution, constitutes a "settlement agreement." Therefore, the orders dissolving the company and appointing a receiver are merged into this agreement, and are thereby extinguished.

■ Moreover, on these facts, we find appropriate the federal court procedure of vacating a lower court judgment once the appeal upon which the judgment is based is declared moot. *See Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Martinez v. Winner*, 800 F.2d 230 (10th Cir.1986). This avoids any preclusive effect of the moot judgments, and "strips the decision below of its binding effect." *Deakins v. Monaghan, supra.*

Here, trial has yet to be conducted on Van Schaacks' damage claims based on breach of fiduciary duty. In its judgment dissolving Box Elder, the trial court found that Fulenwider self-dealt when it adopted the 1982 agreement without Van Schaacks' consent, and therefore, the corporation should be dissolved pursuant to § 7-8-113(2), C.R.S. (1986 Repl.Vol. 3A). These findings and conclusions could have a preclusive effect on the upcoming litigation. Therefore, since the appeals from the judgments of the trial court ordering a dissolution of Box Elder and appointing a receiver are moot, we direct that those judgments be vacated.

## II.

Fulenwider next contends that the trial court erred when it shifted Box Elder's legal fees to them. We agree.

■ Absent the finding of a specific contractual, statutory, or procedural rule authorization, attorney fees are not recoverable. *Johnston v. S.W. Devanney & Co.*, 719 P.2d 734 (Colo.App.1986). Although attorney fees may be awarded in the discretion of the trial court, they should not be awarded merely because a party does not prevail. *See State Farm Mutual Automobile Insurance Co. v. Sanditen*, 701 P.2d 876 (Colo.App.1985).

■ Here, in its order regarding bills incurred during this dispute, the trial court ruled that Fulenwider should bear the cost of Box Elder's attorney fees "since they lost the lawsuit." No other basis for the award of the fees was stated, and therefore, the award constitutes an abuse of discretion. *See State Farm Mutual Automobile Insurance Co. v. Sanditen, supra.*

## III.

Fulenwider's final contention is that the trial court erred in failing to order Box Elder to pay certain accounting fees, thereby rendering Fulenwider responsible for their payment. We disagree.

■ Upon ordering an involuntary dissolution of a corporation pursuant to § 7-8-113, C.R.S. (1986 Repl.Vol. 3A), a trial court may appoint a liquidating receiver with the authority to dispose of the assets of the corporation. Section 7-8-116, C.R.S. (1986 Repl.Vol. 3A). The trial court has the power to allow expenses of the liquidation, and to direct the payment thereof. Section 7-8-116(3), C.R.S. (1986 Repl.Vol. 3A). Therefore, the payment of costs and expenses incidental to a receivership lies within the sound discretion of the trial court. *See Plateau Supply Co. v. Bison Meadows Corp.*, 31 Colo.App. 205, 500 P.2d 162 (1972).

■ Here, we find no abuse of discretion in the trial court's decision disallowing payment of the accounting fees. The record supports the trial court's conclusion that the fees resulted from advice solicited by and benefiting Fulenwider, and not required for the dissolution itself.

The appeals of the judgments ordering a dissolution of Box Elder and appointing a receiver are dismissed, and the cause is remanded with directions that those judgments be vacated. The judgment ordering Fulenwider to pay Box Elder's attorney fees is reversed. The judgment directing Fulenwider to pay the accounting fees is affirmed.

HUME and NEY, JJ., concur.