Brenda M. VOLLER and BMV Consulting, Ltd., a Colorado corporation, Plaintiffs–Appellants and Cross–Appellees,

v.

David GERTZ; Harmony Group, Ltd., a Colorado corporation; and Sunshine Master Builders, Ltd., a Colorado corporation, Defendants–Appellees and Cross–Appellants.

No. 01CA2384.

Colorado Court of Appeals, Div. III.

Dec. 30, 2004.

**1130**

Brenda M. Voller, Helena, Montana, for Plaintiffs–Appellants and Cross–Appellees.

Scott R. Larson, P.C., Scott R. Larson, Heather R. Hanneman, Denver, Colorado, for Defendants–Appellees and Cross–Appellants.

PICCONE, J.

Plaintiffs, Brenda M. Voller and her wholly-owned company, BMV Consulting, Ltd., appeal the trial court's judgment entered on a jury verdict in favor of defendants, David Gertz, Sunshine Master Builders, Ltd., and Harmony Group, Ltd. Defendants cross-appeal the court's order awarding attorney fees to Voller and setting the amount of attorney fees awarded to them. We affirm in part, reverse in part, and remand.

Gertz is the sole shareholder of Sunshine, a home building business. Gertz founded Harmony to market homes built by Sunshine, which in return paid Harmony commissions.

In 1995, Voller started working for Harmony as a contractor and became a twenty percent shareholder while Gertz held the other eighty percent.

Harmony paid Voller's compensation to BMV. Voller supervised the real estate salespeople and controlled day-to-day operations at Harmony. Gertz testified that Voller kept her own hours, and he did not tell her how to do her work or where she needed to be while she was working.

Gertz further testified that in 1999, Voller failed to perform certain duties associated with managing Harmony. After Gertz in-

formed Voller of these problems, Voller tendered her resignation. Subsequently, they negotiated a new compensation agreement, under which Gertz agreed to pay BMV $12,500 per month to manage Harmony's business.

By August 1999, Gertz was still not satisfied with Voller's performance. According to Gertz, Voller failed to perform management duties as required by the agreement.

In November 1999, Voller presented a request to Harmony for $37,500 for payment of her management services from September to November. Gertz refused to pay Voller the $37,500. In January 2000, Voller sent Gertz a letter demanding payment of her salary for September through December 1999 and her commission for the sale of several homes.

Voller and BMV filed a lawsuit against Gertz, his wife, Harmony, and Sunshine, alleging breach of contract, violation of the Colorado Wage Act (CWA), breach of fiduciary duty, wrongful discharge, and conspiracy, and requesting the imposition of a constructive trust. Voller also asserted a shareholder derivative claim on behalf of Harmony. Defendants asserted counterclaims for breach of contract, breach of fiduciary duty, and conversion. The parties agreed to bifurcate the trial with regard to the claim for imposition of a constructive trust.

The jury found that Voller was an independent contractor, not an employee of Harmony, and found against her on her wage claim. The jury found in favor of BMV on its breach of contract claim and awarded $65,618.44 in damages. The jury found in favor of Harmony on its counterclaim against Voller for breach of fiduciary duty, awarding $1,000 in damages. The trial court declined to impose a constructive trust. This appeal followed.

## I.

■ Voller contends the trial court erred in instructing the jury that: "An employing real estate broker is not an employee but an independent contractor as a matter of law." As a remedy, Voller requests that the jury verdict on the breach of contract claim be "instead awarded and attributed to her as damages on her wage claim." We decline to address this issue because Voller did not object to the instruction in the trial court.

C.R.C.P. 51 provides that a party must "make all objections [to proposed instructions] before they are given to a jury," and only the grounds so specified shall be considered on appeal. If counsel fails to make a contemporaneous objection to the instructions given to the jury, and if errors are not brought to the attention of the trial court, they are deemed waived. *Martin v. Minnard*, 862 P.2d 1014 (Colo.App.1993).

Voller did not object to this instruction, but specifically stated that, as relevant here, the instructions were "agreed to." Voller also said she had no objections to the final packet of instructions. Based upon our review of the record, we reject Voller's assertion that she objected to this instruction and so preserved this issue for appellate review.

Further, Voller did not argue in the trial court that the jury verdict on BMV's breach of contract claim be awarded to her as damages on her wage claim. Arguments not asserted in the trial court may not be raised for the first time on appeal. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo.1992).

## II.

■ Voller asserts the trial court erred in awarding attorney fees to Harmony for defending her wage claim. Specifically, she contends that the former § 8–4–114, Colo. Sess. Laws 1967, ch. 398, § 80–8–14 at 861 (repealed Colo. Sess. Laws 2003, ch. 286, § 2 at 1850) supports an award of fees to a defending party only when an "employee" brings a claim pursuant to the CWA and that, because the jury determined she was not an employee, Harmony was not entitled to attorney fees under § 8–4–114. In a related contention, Voller asserts the trial court erred in not awarding her attorney fees pursuant to § 8–4–114. We reject each contention in turn.

The relevant portions of § 8–4–114, in effect at the time, provided:

Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by [the former] sections 8–4–104 and 8–4–105, the judgment in such action

shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action.

### A.

Section 8–4–114 provided that a reasonable attorney fee must be awarded to the "winning party" on a CWA claim. *See Van Steenhouse v. Jacor Broad. of Colo., Inc.,* 958 P.2d 464, 466 n. 5 (Colo.1998). "The purpose of [§ 8–4–114 was] twofold, to indemnify the employee against the necessity of paying an attorney's fee when he is successful and to protect the employer against nuisance litigation." *Hartman v. Freedman,* 197 Colo. 275, 280, 591 P.2d 1318, 1322 (1979). "Thus, either the employee or the employer may be the winning party under the statute." *Van Steenhouse, supra,* 958 P.2d at 468. To qualify as a winning party, a litigant must receive some relief on the merits. *Hartman, supra.*

Voller relies on *Hyland v. Pikes Peak Capital Corp.,* 714 P.2d 914 (Colo.App.1985). In *Hyland,* a real estate salesman sued a company that he contended was his employer for recovery of commissions under the CWA. With no analysis, a division of this court concluded that because the real estate salesman was not an "employee," attorney fees were not available to the defendant company. For the reasons stated below, we decline to follow *Hyland.*

"When interpreting a statute, we attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings." *People v. Rockwell,* 104 P.3d 900, 2003 WL 23095487 (Colo.App. No. 02CA1812, Dec. 31, 2003).

We are also guided by general principles of statutory interpretation. *See* § 2–4–201, C.R.S.2004 (it is presumed the General Assembly, when enacting a statute, intended to make the entire statute effective). We should avoid an unreasonable interpretation or one that produces an absurd result. *Rocky Mountain Animal Defense v. Colo. Div. of Wildlife,* 100 P.3d 508 (Colo.App. 2004).

Under *Hyland,* nonemployees, like Voller here, would have no disincentive for advancing unwarranted litigation under the CWA. This is contrary to the purpose of protecting the employer from nuisance litigation. Further, the statute provides for fees to be awarded to the "winning party." The first clause of the statute, which refers to the commencement of a civil action, does not limit the award. The CWA necessarily assumes that a claim will be brought by an employee. If, however, a plaintiff does not prevail because he or she is determined not to be an employee, the provision does not preclude an award of attorney fees to the winning defendant. By focusing on the use of the term employee, the *Hyland* division created a result that is not required by the statutory language and is at odds with the statute's purpose.

Further, if we were to read this provision as did the division in *Hyland,* § 8–4–114 would never support an award of attorney fees to a defendant, because a finding that a plaintiff did not recover under § 8–4–114 would always mean that it was not "necessary" to sue under the Wage Claim Act. *See* § 8–4–114 (stating that attorney fees should be awarded to the "winning party" "[w]henever it shall become necessary for an employee to commence a civil action for the recovery or collection of wages").

Accordingly, we read § 8–4–114 as permitting an award of attorney fees to the winning party, even if the claim is asserted by one who is found not to be an employee.

### B.

Voller asserts the trial court erred in not awarding her attorney fees under the CWA. We disagree. Here, the jury determined Voller was an independent contractor, not an employee of Harmony, and ruled against her on all her claims under the CWA. Therefore, Voller was not the winning party.

### III.

Voller contends the trial court erred in granting a directed verdict on her CWA penalty claim in favor of Harmony on the ground that she had not made a written demand for payment within sixty days from

the date of her separation from Harmony. We disagree.

"A motion for directed verdict should not be granted unless the evidence compels the conclusion that reasonable jurors could not disagree and that no evidence or inference has been received at trial upon which a verdict against the moving party could be sustained." *Brossia v. Rick Constr., L.T.D. Liab. Co.*, 81 P.3d 1126, 1131 (Colo.App.2003). The trial court must review the evidence in the light most favorable to the nonmoving party. *Brossia, supra*, 81 P.3d at 1131.

The relevant version of § 8–4–104(3) provided:

> If an employer refuses to pay wages or compensation in accordance with subsection (1) of this section upon request by the employee and without good faith legal justification for such refusal, the employer is liable to the employee [for a penalty] .... The employee or his designated agent shall make a written demand for the payment within sixty days from the date of separation .... Any employee or his designated agent who has not made a written demand for the payment within sixty days from the date of separation who has otherwise not been available to receive payment shall not be entitled to any such penalty under this subsection (3).

Colo. Sess. Laws 1986, ch. 65 at 505.

The record supports the trial court's determination that Voller did not present evidence that she gave the requisite notice within sixty days of her separation from Harmony. Voller admits that she was terminated on November 9, 1999, and that she submitted a letter to Gertz demanding wages on January 28, 2000. Further, Voller cites no record support for her contention that she "presented evidence that she performed duties on behalf of Harmony during January [2000] and that Harmony accepted those services." *See Westrac, Inc. v. Walker Field*, 812 P.2d 714, 718 (Colo.App.1991)(counsel must designate portions of the record that support the contention).

## IV.

■ Voller asserts the trial court abused its discretion by not "directing payment of the judgment in the shareholder derivative claim" to her. We decline to review this contention because it was never presented to, considered by, or ruled upon by the trial court. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc., supra.*

Voller never requested the trial court to enter judgment on the derivative claim in favor of her or to "direct payment" on Harmony's judgment to her. The jury instructions and verdict form, to which Voller did not object, specifically stated that an award on the derivative claim would be entered in favor of Harmony.

## V.

■ Voller contends the trial court erred in refusing to impose a constructive trust on the assets of Gertz and Sunshine. We disagree.

■ A constructive trust "arises in the presence of fraud, duress, abuse of confidence, or some other form of questionable or unconscionable conduct by which the trustee obtained property." *Timothy C. Wirt, M.D., P.C. v. Prout*, 754 P.2d 429, 430 (Colo.App. 1988); *see Whalen v. Shepler*, 104 P.3d 243, 2004 WL 1211888 (Colo.App. No. 03CA0509, June 3, 2004). Therefore, a constructive trust is appropriate only if there has been wrongful conduct by the party charged with the trust. *Wirt, supra*, 754 P.2d at 430.

■ For the court to impose a constructive trust, there must be some property to which the trust attaches. *See In re Marriage of Allen*, 724 P.2d 651, 657 (Colo.1986)(property that is subject of trust must be traceable to lost property); *Schmidt–Tiago Constr. Co. v. City of Colorado Springs*, 633 P.2d 533 (Colo.App.1981); *State v. Benjamin*, 41 Colo.App. 520, 587 P.2d 1207 (1978)(refusing to impose constructive trust where plaintiff failed to trace property wrongfully taken to proceeds being claimed).

"A party attempting to set aside a transaction on equitable grounds is required to prove the truth of his contentions by a preponderance of the evidence," which persuades the trier of fact that "the existence of the contested fact is more probable than not." *Ralston Oil & Gas Co. v. July Corp.*,

**1134**

719 P.2d 334, 338 (Colo.App.1985). We accept the trier of fact's findings unless they are "so clearly erroneous as to find no support in the record." *Ralston, supra.*

At trial, Voller failed to present any evidence in support of her claim for a constructive trust. Following argument and briefing, the trial court declined to impose a constructive trust, making the following findings based on the evidence presented on Voller's other eight claims:

> On or about April 11, 2000, Harmony approved [a] $200,000 payment to Sunshine for compensation for Davi[d] Gertz's consultant work. Subsequently, Harmony paid the money to Sunshine. Gertz th[e]n paid the operational expenses of Sunshine. The Court found Mr. Gertz's testimony credible that Sunshine was incurring additional expenses that normally would have been incurred by Harmony. The Court finds that no credible evidence was presented as to what specific expenses were paid. There is no credible evidence where the money Harmony paid to Sunshine went or is currently located .... Finally, the Court cannot find any asset upon which to impose a constructive trust. The Plaintiff never presented evidence to answer the ultimate question of what asset is in effect to be attached ....

We reject Voller's and BMV's argument that the evidence and the jury's verdict required the trial court to impose a constructive trust and that it was not necessary for them to present evidence of any identifiable assets subject to the trust. *See Schmidt-Tiago, supra.* Moreover, to the extent that Voller relies on exhibits attached to her brief in making this argument, we cannot consider them, because they are not part of the record on appeal. *See In re Marriage of Tagen,* 62 P.3d 1092, 1096 (Colo.App.2002)(any facts not appearing in the record cannot be reviewed, and we presume material portions omitted from the record would support the judgment of the trial court).

Accordingly, the trial court was correct in not imposing a constructive trust.

## VI.

■ On cross-appeal, Harmony, Gertz, and Sunshine contend the trial court erred in awarding attorney fees to Voller based on the judgment in favor of Harmony on the shareholder derivative claim. We agree.

Attorney fees are generally not recoverable in the absence of "a specific contractual, statutory, or procedural rule providing otherwise." *Waters v. Dist. Court,* 935 P.2d 981, 990 (Colo.1997).

Here, the trial court awarded $7,676.14 in attorney fees to Voller "in her capacity as a shareholder of Harmony." The fact Voller pursued a derivative claim on behalf of Harmony does not entitle her to an award of attorney fees. The court's award of attorney fees was not premised on "a contractual, statutory, or procedural rule." *See Waters, supra.*

In *Van Schaack Holdings, Ltd. v. Fulenwider,* 768 P.2d 740 (Colo.App.1988), *aff'd,* 798 P.2d 424 (1990), a shareholder brought a derivative action against a property manager on behalf of a corporation. A division of this court concluded that because the trial court's award was not premised on any "contractual, statutory, or procedural rule," *Van Schaack, supra,* 768 P.2d at 743, an award of attorney fees was improper. We reach the same conclusion here.

We reject Voller's contention that *Collie v. Becknell,* 762 P.2d 727 (Colo.App.1988), supports the trial court's award of attorney fees to her. The *Collie* division merely stated that "[a]n award of attorneys fees *may* be justified in a derivative action." *Collie, supra,* 762 P.2d at 732 (emphasis added). The division did not, however, specify situations in which such an award may be justified. Notwithstanding the comment in *Collie,* an award of attorney fees still must be based on a contractual, statutory, or procedural rule. Therefore, the award to Voller cannot stand.

## VII.

■ Harmony, Gertz, and Sunshine also contend the trial court abused its discretion in awarding them attorney fees in the amount of $7,676.14. We agree.

"The determination of the reasonableness of ... attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless patently erroneous and unsup-

ported by the evidence." *Invisible, Inc. v. Tillison*, —— P.3d ——, 2004 WL 2136948 (Colo.App. No. 03CA1525, Sept. 23, 2004). Therefore, we will not disturb a court's ruling absent an abuse of discretion. *Invisible, supra.*

Here, the court awarded attorney fees to Gertz and Harmony as the winning parties under the former § 8-4-114. In support of the amount of fees claimed, Gertz and Harmony presented an affidavit that stated eighty percent of their effort in the case was in defense of the wage claim.

The trial court held Gertz, Harmony, and Sunshine did not meet their burden of proof that eighty percent of their time was spent on this issue, but nonetheless awarded them "the same amount of money per claim as was awarded to Voller."

We conclude this was an abuse of discretion. Merely awarding to Gertz and Harmony the same amount awarded to Voller on a different claim was arbitrary and not based on any attempt to determine the reasonableness of the fees requested by Gertz and Harmony. *See City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115 (Colo.1996)(setting forth factors to consider in determining the reasonableness of attorney fees). Even if we assume the affidavit was not sufficient, it was still incumbent upon the trial court to determine the attorney fees attributable to the wage claim.

Accordingly, the judgment is reversed as to the award of attorney fees to Voller and as to the amount of attorney fees awarded to Gertz and Harmony, and the case is remanded to the trial court for a finding as to the allocation of attorney fees based on the evidence previously submitted to the court. In all other respects, the judgment is affirmed.

Judge VOGT concurs.

Judge TAUBMAN concurs in part and dissents in part.

Judge TAUBMAN specially concurring in part and dissenting in part.

Although I concur with most of the majority's opinion, I write separately to dissent from the majority's analysis in Parts II and VII. Specifically, I believe that *Hyland v. Pikes Peak Capital Corp.*, 714 P.2d 914 (Colo.App.1985), correctly held that the former attorney fees provision of the Wage Claim Act, the former § 8-4-114, Colo. Sess. Laws 1967, ch. 398, § 80-8-14 at 861 (repealed Colo. Sess. Laws 2003, ch. 286, § 2 at 1850), supports an award of attorney fees to a defending party only when an employee brings a claim. I further conclude that application of the relevant principles of statutory construction demonstrates that *Hyland* was correctly decided.

In *Hyland*, a division of this court concluded that a real estate salesman was not an employee and thus, attorney fees could not be awarded to the defendant company. Although the *Hyland* decision has sparse reasoning, I believe that the division nevertheless reached the proper conclusion.

As the majority notes, this appeal concerns a dispute between plaintiff, Brenda M. Voller, and her wholly owned company, BMV Consulting, Ltd., and three defendants, including Harmony Group, Ltd. Although the jury found in favor of BMV on its breach of contract claim and awarded it over $65,000 in damages, the jury also found that Voller was an independent contractor, not an employee of Harmony. Thus, the jury found against Voller on her wage claim and the court awarded attorney fees to Harmony under the former § 8-4-114.

To consider whether the former § 8-4-114 should apply to individuals who are not employees, examination of the relevant statutory language is necessary. Former § 8-4-114 provided:

> Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by [the former] sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the cost of the action.

When construing a statute, the court must ascertain and give effect to the intent of the General Assembly. *State v. Nieto*, 993 P.2d 493 (Colo.2000). To discern that intent, we must first examine the plain language of the statute. *United Airlines, Inc. v. Indus. Claim Appeals Office*, 993 P.2d 1152 (Colo. 2000). In so doing, words and phrases

should be given their plain and ordinary meaning, unless the result is absurd. *Dover Elevator Co. v. Indus. Claim Appeals Office,* 961 P.2d 1141 (Colo.App.1998).

First, the plain language of the former § 8–4–114 applies to disputes between an employee and an employer and not to other labor disputes. The entire Wage Claim Act concerns various aspects of this relationship, including time limits for payment of wages, § 8–4–103, C.R.S.2004; payroll deductions, § 8–4–105, C.R.S.2004; and termination of employment, § 8–4–109, C.R.S.2004.

Also, it is immaterial that the former § 8–4–114 provided that the "winning party" could be awarded attorney fees, because that clause only applies when a civil action is brought by an *employee.*

The jury here specifically found that Voller was not an employee. The parties do not dispute this factual finding. Accordingly, under *Hyland* and the plain language of the statute, Harmony is not entitled to an award of attorney fees under the former § 8–4–114.

Further, the legislature is presumed, in amending a previously construed statute without changing the portion that was construed, to have accepted and ratified the prior judicial construction. *See Vaughan v. McMinn,* 945 P.2d 404, 409 (Colo.1997); *Tompkins v. DeLeon,* 197 Colo. 569, 571, 595 P.2d 242, 243–44 (1979)("When the legislature reenacts or amends a statute and does not change a section previously interpreted by settled judicial construction, it is presumed that it agrees with judicial construction of the statute.").

Significantly, when the General Assembly adopted a comprehensive modification of the Wage Claim Act in 2003, it limited and revised the attorney fees provision, but did not modify its applicability to employers and employees. Under § 8–4–110, C.R.S.2004, both employees and employers are entitled to recover reasonable attorney fees in limited circumstances. *See* § 8–4–110(1), C.R.S.2004. Accordingly, it is presumed that the General Assembly was aware of the decision in *Hyland v. Pikes Peak Capital Corp.* interpreting the former § 8–4–114. Although it amended the attorney fees provision in significant respects, it did not modify the reference to an employee or an employer, for example, by adding language that a putative employee may be subject to an award of attorney fees if unsuccessful in a Wage Claim Act lawsuit. Nor did the General Assembly extend the statute to independent contractors.

Contrary to the majority's decision, I do not believe that *Hyland* leads to an unwarranted result. Although it is true that the Wage Claim Act is intended in part to protect an employer against nuisance litigation, *see Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979), there is no suggestion here that Voller's Wage Claim Act litigation was in that category. Rather, Voller and her wholly owned company had an unusual and complicated relationship with the defendants, leading to various claims, and on one claim brought by BMV, BMV obtained a judgment of more than $65,000. Further, it is difficult to conceive that one who is not actually an employee would bring a claim under the Wage Claim Act against a putative employer for nuisance purposes, without otherwise running the risk of sanctions for frivolous and groundless litigation under either § 13–17–102, C.R.S.2004, or C.R.C.P. 11. Indeed, it is unlikely that one would file litigation under the Wage Claim Act without a good faith belief that one was indeed an employee.

Finally, if the concern about nuisance litigation resulting from application of *Hyland* were indeed substantial, the General Assembly could have amended the statute long ago to overrule that decision legislatively.

The majority also suggests that the *Hyland* division's interpretation of § 8–4–114 would never support an award of attorney fees to a defendant, because a finding that a plaintiff did not recover under § 8–4–114 would always mean that it was not "necessary" to sue under the Wage Claim Act. I think this argument goes too far. Reasonably interpreted, the first phrase of the former § 8–4–114 simply meant that it applied when an employee was required to file litigation to recover unpaid wages, when other efforts to recover those wages short of litigation had proved unsuccessful. If, in a good faith dispute over payment of wages, an employee was nevertheless unsuccessful, the employer would clearly have been entitled to

an award of attorney fees under the former § 8-4-114.

For these reasons, I would reverse the trial court's award of attorney fees to Harmony for defending against Voller's wage claim. For the same reason, I would conclude in part IIB that Voller was not entitled to attorney fees under the Wage Claim Act, because she was not an employee. Finally, based on this analysis, I would not address the amount of attorney fees to which Harmony is entitled under the Wage Claim Act, because, in my view, it is not entitled to any attorney fees.