MT. SNEFFELS CO., Claimant–Appel-
lant and Cross–Appellee,

v.

ESTATE OF B. Marie SCOTT, Deceased,
David Wood, Personal Representative,
Appellee and Cross–Appellant.

No. 88CA1280.

Colorado Court of Appeals,
Div. IV.

Oct. 12, 1989.

Cashen & Cheney, Donald E. Cashen and Marla K. Thoe, Montrose, for claimant-appellant and cross-appellee.

Dufford, Waldeck, Milburn & Krohn, William H.T. Frey, Grand Junction, for appellee and cross-appellant.

Opinion by Judge FISCHBACH.

Mount Sneffels Company (buyer) appeals the amount of equitable relief awarded it as beneficiary of a constructive trust. The personal representative for the estate of Marie Scott (seller) cross-appeals the trial court's imposition of a constructive trust and, alternatively, the amount of the award. We affirm in part and reverse in part.

The case arises from a mutual mistake of fact. After viewing the property, buyer and seller agreed on a sales contract in which they described the property to be conveyed by reference to a United States Geological Survey map rather than by means of a survey. After seller sold an adjoining parcel to a third party who did conduct a survey, the parties discovered that the map was incorrect and, as a result, that certain property intended by both parties to be conveyed had not been included in the deed to buyer and instead had been sold to the third party. The property actually conveyed to buyer was missing certain highway and national forest access and two-thirds of a pond, all of which were included in the USGS description and were significant to buyer.

Soon after the discovery of the mistake, buyer made a claim for reformation of the deed or, in the alternative, for imposition of a constructive trust, with buyer as beneficiary, on seller's proceeds from the sale of the missing property. Buyer rejected seller's offer of rescission.

The trial court held that reformation was impossible because of the intervening rights of a bona fide purchaser, but, after concluding that seller had been unjustly enriched by selling the same property twice, it granted buyer's request for imposition of a constructive trust. To determine damages, the court multiplied the per-acre sales price to the bona fide purchaser by the number of acres stipulated by the parties to have been omitted, subtracted the estate tax seller paid on the proceeds, and then divided the result in half. In addition, the court awarded buyer half the costs and loss of value associated with the omission of the special features from the parcel actually conveyed. This appeal followed.

I.

In his cross-appeal, seller asserts that the trial court's imposition of a constructive trust was error. We disagree.

When less land has been conveyed than intended by the parties, the buyer is entitled, depending on the circumstances of the case, to rescind or reform the contract, or to accept partial performance and secure additional relief through an abatement of the purchase price equal to the value of the deficiency, *Emery v. Medal Building Corp*, 164 Colo. 515, 436 P.2d 661 (1968), or through proceeds garnered as beneficiary of a constructive trust. *Gray v. Paxton*, 662 P.2d 1105 (Colo.App.1983). The constructive trust theory is appropriate when reformation is no longer possible because the area in question has been conveyed to a third-party bona fide purchaser. *Gray v. Paxton, supra.*

■ Contrary to the seller's assertions, there is no requirement that the aggrieved buyer elect between rescission and maintaining the status quo. *See Gray v. Paxton, supra.* Although we acknowledge that such an election was determined to have been the sole remedy in *Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975), that case is distinguishable. There, the court specifically concluded that the defendant "in no sense [had been] unjustly enriched." Here, the remedy was specifically based on unjust enrichment.

■ Nor is imposition of a constructive trust barred because the seller was an innocent wrongdoer. *Gray v. Paxton, supra.* Constructive trusts are raised by equity not only with respect to property that has been acquired by fraud, but also under circumstances in which, although the property was "acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979); *Botkin v. Pyle,* 91 Colo. 221, 14 P.2d 187 (1932). "Where a conveyance of land is made for consideration and by mistake the conveyance is ineffective to transfer the land or the whole of the land for which the consideration was paid ... the grantor holds the land, which was intended to be conveyed, upon a constructive trust for the grantee." 5 A. Scott, *Trusts* § 466 (3rd ed. 1967).

The purpose of the constructive trust remedy is to prevent the defendant from being unjustly enriched at the plaintiff's expense, and it may therefore attach to any property that in equity and good conscience does not belong to the constructive trustee. *In re Marriage of Allen,* 724 P.2d 651 (Colo.1986).

■ Here, the trial court's conclusion, which is supported by the record, that the seller would be unjustly enriched by retaining proceeds from selling the same property twice is sufficient inequity for imposition of the trust. *See Gray v. Paxton, supra; but see Timothy C. Wirt, M.D., P.C. v. Prout,* 754 P.2d 429 (Colo.App.1988).

■ Seller's contention that buyer's claim for imposition of a trust should be barred because buyer ratified the contract by investing in the property after discovering the error is also without merit. Even if we assume that buyer's conduct in investing in the property conveyed was an election to affirm the contract in part, such affirmation is not a bar to seeking relief for the deficiency. *See Emery v. Medal Building Corp., supra.*

■ We also disagree with seller that a constructive trust is inappropriate because of the contractual provision that no adjustment in the purchase price is contemplated should the acreage turn out to vary from the 740 acres estimated to be within the tract. This waiver, by its terms, applies to a variation in acreage within the physical boundaries described, not to a variation in the boundaries themselves. Accordingly, buyer has not requested relief based on the difference between the estimated 740 acres and the 725 later determined to fall within these boundaries, but rather for the difference between the 725 acres within the intended physical boundaries and the 668 received.

■ Finally, we reject seller's argument that a constructive trust was unjustified because the mistake was not material. Every parcel of real property is unique. Here, the record reflects that buyer, having looked at some fifteen to twenty pieces of property as well as at an extensive tract offered by seller, chose the particular parcel here because it contained certain county road and national forest access and a body of water. These facts support the trial court's conclusion that the mistake was material.

## II.

Both parties contend that even if the imposition of a constructive trust was proper, the damages were incorrectly assessed. Buyer argues that the court's assessment was insufficient because the court erred as follows: in accepting the third party's per-acre purchase price for the omitted land even though the parties stipulated that the market value at the time was higher; in

reducing seller's gain by the highest marginal rate of estate taxes; and in dividing in half seller's final excess gain realized. Seller argues that the assessment was excessive because the court allowed buyer to recover both damages for lost amenities and equitable relief for seller's unjust enrichment. We agree with both parties in part.

The court assessed damages against seller to prevent unjust enrichment. Such an equitable remedy may be reversed only for an abuse of discretion. *See W.H. Woolley & Co. v. Bear Creek Manors*, 735 P.2d 910 (Colo.App.1986). Nonetheless, we find no support for the trial court's division of the seller's unjust enrichment in half nor for its award of special damages in addition to equitable relief. We therefore reverse the award of damages and remand for redetermination thereof.

We first reject seller's assertion that we should not address buyer's allegations of error because they are based on the theory of abatement, which was not argued in the trial court. Although buyer uses the word "abatement" on appeal, his assignments of error are equally applicable to the theory of constructive trusts, which was tried below, and we treat them in the latter sense.

■ A constructive trust in the sale proceeds from the land that was mistakenly omitted from buyer's deed was created by operation of law at the moment of conveyance to the third-party bona fide purchaser. *See Gray v. Paxton, supra*. Thus, the measure of equitable relief is the value of the particular land omitted from buyer's deed at the time of the third-party conveyance.

Although the parties stipulated that the fair market value of the omitted land at that time was $1,075, it is undisputed that seller was actually paid only $860 per acre for the land by the third party. Under these facts and in light of the principle that imposition of a constructive trust is a remedy for unjust enrichment, *In re Marriage of Allen, supra*, we cannot agree with buyer that the trial court abused its discretion in awarding damages based on the lower figure.

■ On the other hand, we do agree with buyer that awarding him only half of seller's proceeds from selling the same property twice was such an abuse. In so dividing the award, the trial court reasoned that because the mistake was mutual, both parties should share equally. We are unaware of any authority that would support this analysis. If seller was unjustly enriched by selling 57 acres twice, he was also unjustly enriched by selling 28½ acres twice. It is inequitable for seller to retain the benefits of the sale of either the half or the whole. *See Gray v. Paxton, supra*.

■ Finally, we agree with seller that it was also an abuse of discretion for the court to award buyer both special damages for the value of the pond, water rights, and highway and national forest access, and equitable relief for seller's unjust enrichment. The special damages award is in the nature of a breach of contract remedy for loss of value and cost of cover. However, an innocent person who has attained a benefit to which he is not entitled is liable only to the extent to which he has been unjustly enriched. *In re Marriage of Allen, supra*. Because seller was unjustly enriched only to the extent of the value of the omitted parcel on the date it was conveyed to the third-party, he cannot also be held accountable for buyer's special damages.

■ For the same reason, it was proper to deduct the estate taxes paid by seller on the proceeds. Because the undisputed evidence in the record indicates that the tax statement could no longer be amended, we conclude that the after-tax proceeds constitute the amount by which the seller was unjustly enriched.

The trial court's imposition of a constructive trust on seller's excess gain from the property mistakenly omitted from buyer's deed is affirmed. The award of damages is reversed, and the cause is remanded for a determination of damages based on the undivided, after-tax proceeds seller derived from selling the omitted acreage to the bona fide purchaser, but excluding addi-

tional recovery for loss of the special features.

TURSI and DUBOFSKY, JJ., concur.