**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**21020 COLORADO HIGHWAY 74, JEFFERSON COUNTY, Colorado, more particularly described as: Lot 1, Block 1, Overlook Park, County of Jefferson, State of Colorado, together with its furnishings, appliances, equipment, contents and personal property, and Alger Garcia, and all unknown persons who have any interest in the subject matter of this action, Defendants–Appellants.**

No. 88CA0945.

Colorado Court of Appeals,
Div. III.

Dec. 14, 1989.

Rehearing Denied Jan. 18, 1990.

Certiorari Denied June 11, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Holland, Seelen & Pagliuca, Jeffrey S. Pagliuca, Denver, for defendants-appellants.

Opinion by Judge PLANK.

Alger Garcia appeals a district court judgment ordering the seizure, confiscation, and forfeiture of certain real and personal property declared a Class 1 public nuisance. We affirm.

The People initiated this action to abate a Class 1 public nuisance pursuant to § 16-13-301, et seq., C.R.S. (1986 Repl. Vol. 8A), alleging that Garcia, the owner of real and personal property at 21020 Colorado Highway 74, was using the property for possession, sale, and distribution of a controlled substance.

Following a trial to the court in which defense witnesses maintained that Garcia only held the property in constructive trust for his family, the court found that Garcia's mother had conveyed the subject property to him by warranty deed in 1981, and it concluded that he was the sole owner of the property at all times material to this action. The court further concluded that the property was used for the purpose of sale of illegal substances and declared the real property, together with its fixtures and furnishings, a Class 1 public nuisance. It subsequently entered a permanent order of abatement, directing the confiscation, seizure, and forfeiture by means of a sale of the property, including the real estate, building, furniture, and fixtures.

## I.

Defendant contends the court erred in concluding that he was the sole owner of the property. He argues that the uncontroverted evidence presented at trial clearly established the existence of a constructive trust. We find no error.

██ A constructive trust is an equitable remedy used to set aside a property transfer when property has been acquired under circumstances involving fraud, duress, or abuse of a confidential relationship. *Timothy C. Wirt, M.D., P.C., v. Prout*, 754 P.2d 429 (Colo.App.1988). A constructive trust may also be imposed under circumstances in which, although the property was acquired originally without fraud, "it is against equity that it should be retained by him who holds it." *Mt. Sneffels Co. v. Estate of Scott*, 789 P.2d 464 (Colo.App. 1989).

██ Here, there is nothing in the record that would sustain the imposition of a constructive trust. There was absolutely no testimony at trial showing that Garcia received the deed to the property as the result of fraud or duress. Nor was there evidence that the transfer resulted from an abuse of the confidential relationship between Garcia and his mother. Furthermore, the court's findings make clear its rejection of the testimony presented by Garcia and his mother to the effect that Garcia actually held the property for the benefit of his siblings and his mother. *See People v. Fierro*, 199 Colo. 215, 606 P.2d 1291 (1980) (fact-finder may accept or reject any or all of a witness' testimony).

Accordingly, inasmuch as there existed a warranty deed showing Garcia as owner of the property without limitation, and inasmuch as the trial court gave no credence to the only testimony that would indicate a

limitation on his ownership by the existence of a constructive trust, we find no error in the court's conclusion as to his being the property's sole legal and beneficial owner.

## II.

Garcia also contends the court erred in ordering the sale of the real property. He maintains that confiscated property cannot be sold under the provisions of § 16–13–314, C.R.S. (1986 Repl. Vol. 8A) until after the property has been "closed" for a period of one year pursuant to § 16–13–309, C.R.S. (1986 Repl. Vol. 8A). We disagree.

Section 16–13–309(2), C.R.S. (1986 Repl. Vol. 8A), in effect at the time the complaint was filed in this case, provided that when a public nuisance was established, an order of abatement should be entered directing, among other things, the sale of the personal property and the effectual closing of the building or real property for a period of one year, "unless sooner released by the courts." Section 16–13–314, C.R.S. (1986 Repl. Vol. 8A) further allows a court, upon finding the existence of a public nuisance, to direct the sale of the building or real property. No mention is made in this statute of the one-year closing period.

When read together, these two statutes as originally drafted were ambiguous as to whether a closing of the real property is required if the court determines the existence of the nuisance at the same time it directs a forfeiture or sale. However, this ambiguity was eliminated by a 1987 amendment to the statute that became effective prior to trial here.

The amendment provides, in pertinent part:

"If the existence of a class 1 public nuisance is established ... an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal ... and the forfeiture of all fixtures and contents.... *If the building, place, or real property is not forfeited* pursuant to this part 3, the order shall direct the effectual closing of such property...."

Section 16–13–309(2), C.R.S. (1989 Cum. Supp.) (emphasis added).

■ The language of the amendment evidences the General Assembly's intent to clarify the ambiguities in the former version of the statute. The amendment makes clear that the General Assembly's objective in initially enacting these statutory provisions was that a one-year closing need not be a prerequisite to a sale. Rather, an effectual closing need only be ordered if the order of abatement does not direct that the building or real property be forfeited. Given the intent of the General Assembly as revealed by this amendment, we reject defendant's contention as to the meaning of the statute. *See People v. District Court,* 713 P.2d 918 (Colo.1986).

A forfeiture is the relinquishment of a right or property as a result of an illegal act. *Black's Law Dictionary* 584–85 (5th Ed.1979). Here, the order of abatement directing a forfeiture through the sale of the real property resulted in Garcia's loss of title to the real property because of its use for drug transactions. Hence, because a forfeiture occurred, the statutory provision with respect to an effectual closing period was inapplicable.

## III.

Garcia also maintains the court erred in ordering the forfeiture of the personal property located on the forfeited real property. He maintains the prosecutor failed to demonstrate that the personal property was sufficiently connected to the nuisance so as to require its sale. Again, we disagree.

■ A forfeiture action is a civil proceeding, and therefore, the People must establish the allegations in the complaint by a preponderance of the evidence. Once the People's burden is met, the burden shifts to the defendant to establish that his possession of the property is not unlawful. *People v. Lot 23,* 735 P.2d 184 (Colo.1987).

■ The record shows that the People satisfied their burden in this case. A sheriff's department investigator involved in the case testified that, when searching the

property pursuant to a search warrant, he discovered drugs spread throughout the residence and in the vehicles surrounding the residence. Garcia did not rebut this testimony and failed to establish that the personal property and fixtures were not used in conducting, maintaining, aiding, or abetting the nuisance. Accordingly, the court's order of abatement will not be overturned.

Judgment affirmed.

STERNBERG and MARQUEZ, JJ., concur.