Argued June 23, affirmed August 2, reconsideration denied September 12, petition for review dismissed September 26, 1978

## VALLEY CREDIT SERVICE, INC.,
*Respondent,*

*v.*

## MAIR, *Appellant.*

(No. 59629, CA 10417)

582 P2d 47

Kent B. Thurber, Oregon Legal Services Corporation, Portland, argued the cause and filed the brief for appellant.

Thomas B. Brand, Salem, argued the cause for respondent. With him on the brief was Brand, Lee, Ferris & Embick, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The issue in this appeal is whether defendant may raise as a defense in an action to collect a hospital bill the hospital's responsibility to comply with requirements of 42 USC § 291 et seq (1970), commonly known as the Hill-Burton Act. The Act requires hospitals receiving federal funds to provide "a reasonable volume of services to persons unable to pay therefor." 42 USC § 291c(e)(2) (1970); 42 CFR § 53.111(1976). Defendant alleged she is unable to pay for the services and raised the hospital's failure to comply as an affirmative defense. Plaintiff's[1] demurrer to that defense was sustained.

■ For the purpose of ruling on a demurrrer to an affirmative defense, the facts asserted by that defense are presumed to be true. *Carter v. Ricker,* 241 Or 342, 405 P2d 854 (1965). Under this rule, the facts pertinent to this appeal, as found in defendant's answer, are as follows:

"I

"Salem Hospital is now and has been a recipient of financial assistance from the U.S. Government pursuant to the Hospital Survey and Construction Act of 1946 as amended, 42 USC Section 291 *et. seq.*

"II

"As a condition to the receipt, use and enjoyment of said financial assistance, Salem Hospital has agreed with the U.S. Government to furnish at all times relevant hereto a reasonable amount of free and/or below cost medical services to persons unable to pay for them.

"III

"Salem Hospital has not furnished a reasonable amount of free and/or below cost medical services to persons unable to pay for them, as required by 42 USC Section 291 *et. seq.,* and regulations thereunder.

"IV

"Defendant is now and has been at all times relevant hereto unable to pay for the medical services furnished to her by Salem Hospital.

---

[1] Plaintiff is the assignee of Salem Hospital's claim against defendant.

## "V

"Although Salem Hospital knew or should have known that Defendant is now and has been unable to pay for any medical services, Salem Hospital has at all times relevant hereto refused to offer a reasonable amount of free and/or below cost medical services to Defendant."

■ Plaintiff contends that defendant cannot raise the hospital's failure to comply with the Hill-Burton Act because that statute does not provide for a private right of action or, in this case, a private right of defense.[2]

Defendant contends that her affirmative defense is a proper use of the statute and cites several cases in which a "private right of action," under the Hill-Burton Act, has been allowed. *See Saine v. Hospital Authority of Hall County,* 502 F2d 1033 (5th Cir 1974); *Euresti v. Stenner,* 458 F2d 1115 (10th Cir 1972); *Newson v. Vanderbilt University,* Civil No. 75-126-NA-CV (MD Tenn, June 1, 1978); *Corum v. Beth Isreal Medical Center,* 359 F Supp 909 (SD NY 1973); *Cook v. Ochsner Foundation Hospital,* 319 F Supp 603, 11 ALR Fed 677 (ED La 1970).

All of these cases involved suits against hospitals alleging violations of the Hill-Burton Act's requirement of a reasonable amount of free service to indigents brought by groups or by an individual seeking injunctive and declaratory relief against the hospitals. The question in these cases was whether the citizens had standing to enforce the hospital's obligation under the statute or whether only governmental agencies

---

[2]Plaintiff also contends that defendant cannot assert a defense under the Hill-Burton Act and accompanying regulations because she has not exhausted her administrative remedies. Plaintiff relies upon 42 USC § 300p-2(c)(1970 Supp V), which provides that a complaint must be filed with the Secretary of Health Education and Welfare (HEW) before a person can enforce a hospital's Hill-Burton obligation. It is not contended that defendant complied with the requirement of filing a complaint with the Secretary. Defendant claims that the failure of the HEW to issue regulations, as it is required to do by 42 USC § 300o-1 (1970 Supp V), makes unnecessary a complaint to the Secretary. Because of our decision concerning defendant's rights under the statute, we need not decide the exhaustion of administrative remedies issue.

[ 640 ]

given that authority by the statute could seek compliance. While these cases demonstrate that private citizens are allowed to seek compliance by hospitals of their Hill-Burton obligation, they all were prospective in nature.

These cases arose prior to the enactment of 42 USC §300p-2(c) (1970 Supp V), which clearly contemplates private action to enforce the statute. The statute now provides that "[a]n appropriate action to effectuate compliance * * * may be brought by a person other than the Secretary only if a complaint has been filed by such person with the Secretary." The question presented here is whether raising the Hill-Burton Act as a defense is "an appropriate action."

Defendant attempts, by her defense, to avoid her contractual obligation to plaintiff. In order to do this, defendant must show that under the Hill-Burton Act she is personally entitled to free or below cost medical services with reference to the services which form the basis of the debt in question here.

We agree with the Connecticut Supreme Court that there is no right in an individual to raise a hospital's noncompliance with the Hill-Burton Act as a defense in an action to collect a bill for hospital services. In *Yale-New Haven Hospital v. Matthews,* 32 Conn Sup 539, 343 A2d 661 (1974), *cert denied* 423 US 1024, 96 S Ct 467, 46 L Ed 398 (1975), the appellate court upheld the trial court's order sustaining plaintiff's demurrer to defendant's affirmative defense based on plaintiff's failure to comply with the Hill-Burton Act. The majority stated that:

> "To allow such a defense would introduce into every hospital collection case, * * * such varied and collateral issues as the efforts of the hospital to provide a reasonable volume of below cost or free medical services, the economic conditions of the area served by the hospital, contributions from charitable corporations, the budget of the hospital, the determination of the class to be benefited by Hill-Burton funds, and whether the defendant

[ 641 ]

as a member of the 'working poor' was qualified for inclusion at the time of the rendition of the services. Also the defendant would be required to show the failure of the hospital on any given date to provide a sufficient percentage of care mandated by the act. It cannot reasonably be said that the act ever implied the creation of such a right in an individual defendant as a defense in an action similar to that involved herein." *Yale-New Haven Hospital v. Matthews, supra* 343 A2d at 664-65.

Our conclusion is that even if defendant were allowed to present evidence on all points quoted above, she would not be able to show individual entitlement to free medical care under the Act. The trial court properly sustained the demurrer.

Affirmed.