OPINION OF THE COURT
Memorandum.
Order of the court below (see 97 Mise 2d 953) affirmed, with $10 costs.
Defendant appeals from an order dismissing her third, fourth, and fifth affirmative defenses in this action by plaintiff, a hospital, to recover the balance due for medical services rendered. The three defenses allege plaintiff’s failure to comply with its obligation under the "Hill-Burton Act” to furnish below cost or without charge a reasonable volume of services to persons unable to pay therefor (see US Code, tit 42, § 291c, subd [e]; 42 CFR 53.111).
The question before this court is whether a defendant in a hospital collection action may assert such noncompliance as an affirmative defense.
The Hill-Burton Act did not originally provide that a private party could bring a civil action to compel a hospital to comply with its assurances under the act to provide a reasonable volume of uncompensated services. The courts, however, held that a private civil remedy could be implied from the act’s intention to insure that indigents would be supplied sufficient hospital services when needed (see, e.g., Euresti v Stenner, 458 F2d 1115; Saine v Hospital Auth. of Hall County, 502 F2d 1033). In contrast, however, the reported decisions which considered whether a hospital’s noncompliance could be raised as an affirmative defense in a hospital collection action determined that such a defense was not available (see Yale-New Haven Hosp. v Matthews, 32 Conn Sup 539; Falmouth Hosp. v Lopes, — Mass —, 382 NE2d 1042; Cooper Med. Center v Joyner, 165 NJ Super 482; Valley Credit Serv. v Mair, 35 Ore App 637).
In 1975, Congress added provisions to the act intended to strengthen efforts to enforce the assurances (see 1974 US Code, Cong & Admin News, vol 4, p 7900). The Secretary’s responsibility and authority to enforce compliance was increased (US Code, tit 42, § 300p-2, subd [c]). In addition, Congress, for the first time, expressly authorized a private civil action to enforce the assurances. The effect of this, *252 however, was to limit and not expand the private remedy: "An appropriate action to effectuate compliance with any such assurance may be brought by a person other than the Secretary only if a complaint has been filed by such person with the Secretary and the Secretary has dismissed such complaint or the Attorney General has not brought a civil action for compliance with such assurance within 6 months after the date on which the complaint was filed with the Secretary.” (US Code, tit 42, § 300p-2, subd [c].)
Congress would not have required a private party to exhaust his administrative remedies if it had intended to allow a hospital’s noncompliance to be interposed as a defense in every hopsital collection action. Moreover, raising such a defense is not an appropriate method of effectuating compliance with a hospital’s assurances. Collateral issues of extraordinary proportions would be introduced into every hospital collection case if the defense were allowed. Even after all the issues were litigated, the remedy would necessarily be limited to effectuating the defendant’s individual entitlement under the act since the District Court is without jurisdiction to issue an injunction ordering compliance (see UDCA, art 2).
Concur: Farley, P. J., Pittoni and Slifkin, JJ.