CREDITOR'S SERVICE, INC.,
Plaintiff-Appellee,

v.

Barbara SHAFFER, Defendant-Appellant.

No. 81CA1147.

Colorado Court of Appeals,
Div. III.

Sept. 2, 1982.

Rehearing Denied Oct. 21, 1982.

Certiorari Denied Feb. 14, 1983.

Overholser, Slee & Reed, P.C., Andrew J. Slee, Montrose, for plaintiff-appellee.

Saunders, Snyder, Ross & Dickson, P.C., Henry C. Cleveland, III, Denver, amicus curiae for Colo. Hosp. Ass'n.

James M. Craft, Telluride, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Barbara Shaffer, appeals the trial court's denial of her motion to amend or provide relief from judgment and the trial court's order prohibiting her from raising a certain defense. We reverse.

The record discloses the following facts. On March 28, 1979, Shaffer was admitted for emergency medical care by the Montrose Memorial Hospital (Montrose Hospital). She was released ten days later. Prior to her release Shaffer completed an application form for hospital-provided financial assistance. On the back of the application form Shaffer indicated that she was unable to pay the costs of her medical care.

In late June 1979, Shaffer applied for medical welfare assistance through the San Miguel County Department of Social Services (Department). The Department did not grant her request. Shaffer's complaint alleges that the Department failed to process her application.

On August 16, 1979, Montrose Hospital informed Shaffer that her application for financial assistance had been reviewed and that the hospital was "unable to grant assistance at this time." Shaffer failed to pay her hospital bill and a related bill owed to Anesthesia Associates. These accounts were assigned to plaintiff, Creditor's Service, Inc. (Creditor's), a collection agency.

In July 1980, Creditors brought this action against Shaffer for $2,938.67, the sum of the amounts owing to Montrose Hospital and Anesthesia Associates. Shaffer's answer averred that she was "unemployed and unable to pay for hospitalization" when she was admitted to the hospital, and also contained the following allegations:

"3. The charges for [Shaffer's] hospitalization were to have been paid by the San Miguel County Social Services Department, but through some error were not so paid.

"4. Montrose Memorial Hospital is required by law to provide hospital care free or at reduced costs to the indigent, and should be required to provide free care to ... [Shaffer] ...."

Although Shaffer's answer does refer specifically to 42 U.S.C. § 291, et seq. (1976) (Hill-Burton Act), it is apparent from the record that both parties and the trial court perceived that paragraph 4 of the above-quoted answer raised the issue whether the Hill-Burton Act provided Shaffer with a defense to Creditor's action.

Shaffer acknowledges that Montrose Hospital is a Hill-Burton hospital with a limited amount of funds available for free "charity care." Attached to her trial brief was a copy of Montrose Hospital's charity care policy that allegedly was filed with the Colorado Department of Health on May 11, 1979, and a copy of the applicable regulations addressing "services for persons unable to pay." It is undisputed that in August 1979 the program was in place under federal and state regulations. Shaffer's trial brief contains the following pertinent arguments:

"The Defendant submits that an important issue before the Court is at what time in 1979, Montrose Memorial Hospital exhausted its Hill-Burton funds for that year and, in addition, whether a denial of assistance given four months after the application violates the Colorado and Federal regulations which require a prompt ... determination. Also, whether the lack of specific reasons for the denial violates any of the regulations. Finally, in light of these particular facts, was Montrose Memorial justified under its policy in denying assistance."

In September 1981, Creditor's filed a C.R. C.P. 12(c) motion for judgment on the pleadings. On October 15, 1981, the trial court ruled that Shaffer could not "use the [Hill-Burton] Act as a specific defense to a collection by a hospital." Although the record does not disclose the circumstances surrounding, or the nature of, the October 15 order as it concerns Shaffer's defense, neither party appeals any of these pretrial procedures. On October 22, 1981, the trial court granted Creditor's motion for judgment on the pleadings.

On November 3, 1981, Shaffer filed a "Motion to Amend or Provide Relief from Judgment." The motion requested, *inter alia,* a stay, modification, or amendment of the October 22 judgment "to allow the Defendant to implead the Department ...." The motion was denied.

I.

■ Shaffer first contends that the trial court erred in prohibiting her from pursuing the defense she had raised based upon the hospital's Hill-Burton Act program. We agree.

Preliminarily, we note that it is difficult to ascertain precisely what each party contended below. However, the record reveals that Shaffer has never asserted that Montrose Hospital failed to fulfill its obligation under the Act to provide a reasonable volume of services free or below cost to indigents, or that the hospital did not comply with Hill-Burton notice requirements. *See* 42 C.F.R. § 53.111(i) (1981). Rather, Shaffer argued that although she qualified for and was entitled to free medical care, the hospital delayed in denying assistance and improperly failed to state a specific reason for its decision; and that the hospital's denial of assistance was not "justified" under its own charity care policy and under applicable state and federal regulations. Thus, Shaffer's "defense," as articulated in the pretrial proceedings below, is not that Montrose Hospital failed to provide Hill-Burton Act programs, but that the hospital wrongfully failed to permit her to participate in the program which was available at the time.

In concluding that Shaffer had failed to assert a cognizable defense, the trial court adopted the reasoning of *Yale-New Haven Hospital v. Matthews,* 32 Conn.Supp. 539, 343 A.2d 661 (C.P.App.Div.1974) and *Valley Credit Service Inc. v. Mair,* 35 Or.App. 637, 582 P.2d 47 (1978). *See also Dark v. Prince George's County,* 49 Md.App. 183, 430 A.2d 629 (1981); *Falmouth Hospital v. Lopes,* 376 Mass. 580, 382 N.E.2d 1042 (1978); *John T. Mather Memorial Hospital v. Marco,* 102

Misc.2d 250, 426 N.Y.S.2d 195 (App.Div. 1979). *But see Hospital Center v. Cook,* 177 N.J.Super. 289, 426 A.2d 526 (App.Div.1981). Because of the particular nature of the defense actually asserted here, we find those cases inapposite.

The defendant in *Yale-New Haven Hospital v. Matthews, supra,* alleged that the hospital "had failed to provide a certain percentage of its services free of charge to those unable to pay therefor ...." In *Valley Credit Service Inc. v. Mair, supra,* the defendant alleged that the hospital "has not furnished a reasonable amount of free and/or below cost medical services to persons unable to pay for them ...." Thus, in each of those cases the defendant alleged a failure to provide a reasonable volume of services to persons unable to pay therefor. 42 U.S.C. § 291c(e) (1976).

As indicated above, Shaffer's pleadings raise no such allegation here. And, we conclude that Shaffer is entitled to attempt to prove her allegations that Hill-Burton funds were available to her; that she was eligible for such funds; and that such funds were wrongfully withheld by Montrose Hospital in violation of its own charity care policy and pertinent federal and state regulations. Whatever public policy arguments may apply in other cases involving unpaid bills for medical care, a defendant cannot be denied the right to challenge an alleged unjustifiable failure to follow the rules adopted by a hospital pursuant to the Hill-Burton Act.

## II.

Shaffer's contention that the trial court erroneously denied her request to join the Department as a third-party defendant is without merit.

■ A trial court has the discretion to grant or deny requests to amend pleadings at any time prior to final judgment, so long as it retains jurisdiction of the proceedings. *Johnson v. Johnson,* 30 Colo. 402, 70 P. 692 (1902). In the absence of an abuse of that discretion, the denial of a request to join parties will not be disturbed. *Trustees, Etc. v. District Court, Etc.,* 621 P.2d 310 (Colo.1980).

■ Defendant's motion as filed was not based expressly upon C.R.C.P. 15, C.R.C.P. 19 or C.R.C.P. 20. Moreover, it was filed after the trial court had entered judgment on the pleadings. Assuming, *arguendo,* that the motion was a motion to amend the pleadings and that at the time it was filed the trial court retained jurisdiction of the case, we conclude that the trial court did not abuse its discretion in denying the motion. In view of our decision reversing the dismissal of this action, however, defendant is not precluded from seeking similar relief upon remand. *Horn v. Reitler,* 15 Colo. 316, 25 P. 501 (1890).

The trial court's judgment of dismissal is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

SMITH and KELLY, JJ., concur.