CREDITORS PROTECTIVE ASSOCIATION, INC.,
*Respondent,*

*v.*

FLACK et al,
*Appellants.*

(63-264; CA A47234)

763 P2d 756

Patricia Goldsmith, Hillsboro, argued the cause and filed the brief for appellants.

Samuel C. Justice, Portland, argued the cause for respondent. With him on the brief were William R. Goode and Justice and Goode, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Defendants appeal from a judgment entered against them for medical services provided by plaintiff's assignor, Tuality Community Hospital (hospital). We reverse.

Hospital is a recipient of federal funds under the Hill-Burton Act, 42 USC § 291 to 42 USC § 291z, and is obligated under regulations promulgated pursuant to 42 USC § 291c(e) to provide a reasonable amount of uncompensated care to persons unable to pay. 42 CFR § 124.501 to 42 CFR § 124.513 (1987). Defendants made a request for uncompensated care on December 20, 1985, at which time hospital had not yet exhausted its 1985 uncompensated care obligation. On the same day, hospital sent defendants a letter requesting that they provide their 1984 income tax return, their federal W-2 forms and a signed statement from each employer verifying their income for the last three months and the last 12 months.[1] The letter explained that an explanatory affidavit could be submitted in place of an employer's statement, if the statement could not be obtained. A second letter, on January 23, 1986, repeated the request and specifically requested a signed statement from Mr. Flack's employer, Montinore Vineyards. On April 2, 1986, hospital sent a third letter asking defendants to provide a signed statement from Mr. Flack's previous employer, Safely Construction Co. The option of submitting an affidavit in lieu of the employer's statement was not explained in the second or third letters.

Mr. Flack's only employer during the 12 months preceding the request for services was Montinore Vineyards. Defendants submitted a statement to hospital verifying that employment and the income from Montinore Vineyards. Mr. Flack had worked for Safely Construction Co. in Arkansas only until July, 1984. He attempted to obtain income verification from Safely Construction Co., but he was ultimately unsuccessful.

Although defendants were eligible for a 100 percent

---

[1] Defendants' eligibility for Hill-Burton benefits in this case would be determined by examining their income for the 12 months preceding the medical services. 42 CFR § 124.506(b)(2) (1986). A second method of eligibility determination, multiplying the income for the previous three months by four, is not at issue here. 42 CFR § 124.506(b)(1) (1986).

write-off of the cost of the medical care in question, hospital denied their application for uncompensated services on June 19, 1986. The stated reason for the denial was defendants' failure to provide income verification from Safely Construction Co. On March 6, 1987, defendants filed a written complaint with the United States Department of Health and Human Services. That complaint was dismissed as moot after the Secretary determined that hospital had exhausted its uncompensated care fund by the time the complaint was filed. Hospital's assignor brought the present action to enforce the debt, and defendants asserted their Hill-Burton eligibility as an affirmative defense.[2]

Defendants contend that hospital's refusal to approve their application for Hill-Burton benefits was unreasonable as a matter of law. We agree. Although hospital was permitted to "require the applicant[s] to furnish any information that [was] reasonably necessary to substantiate the applicant[s'] income[,]" 42 CFR § 124.508(d) (1986), verification of Mr. Flack's income from Safely Construction Co. was not "reasonably necessary." The information provided to hospital by defendants revealed that he had worked for Montinore Vineyards for more than one year by the time the medical services were rendered and that Safely Construction Co. was located in Fort Smith, Arkansas. The income from Safely Construction Co. was earned more than one year before the performance of medical services and thus was irrelevant to the determination of defendants' Hill-Burton eligibility. Hospital could not reasonably have expected that any information obtained from Safely Construction Co. would affect defendants' eligibility for Hill-Burton benefits.

Reversed and remanded for entry of judgment for defendants.

---

[2] We have previously rejected the assertion of Hill-Burton eligibility as an affirmative defense in a hospital collection action. *Valley Credit v. Mair,* 35 Or App 637, 582 P2d 47 (1978). Since *Valley Credit* was decided, however, the federal regulations have been amended to include 42 CFR § 124.511(b)(2), which permits the assertion of Hill-Burton noncompliance as an affirmative defense in this case. *See* 44 Fed Reg 29372, 29396 (1979) (Department commentary to 42 CFR § 124.511).