HADDEN, J.
 

 The plaintiff, Yale-New Haven Hospital, Inc., has brought two separate actions against the defendant Clifford Mitchell, and one action against the defendants Laureen Wilczynski and Vincent Wilczynski, seeking payment for medical services rendered on two separate occasions to Mitchell and on one occasion to Laureen Wilczynski.
 
 [1]
 
 Vincent Wilczynski has not appeared. Mitchell and Laureen Wilczynski have each filed an answer, two special defenses and a counterclaim. The special defenses and counterclaims are functionally identical in each of the three pending cases. Each defendant’s first special defense is based on the plaintiffs alleged violation of the Hill-Burton Act; 42 U.S.C. § 291 et seq.; and the second special defense is based on the alleged violation of General Statutes § 19a-509b (the hospital bed funds statute).
 
 [2]
 
 The defendants, in their counterclaims, maintain that the plaintiffs alleged violations of the Hill-Burton Act and the hospital bed funds statute constitute unfair business practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiff is now moving for summary judgment against both defendants. Although it is unclear from the motion for summary judgment whether the plaintiff is moving for judgment on the complaints alone or on both the complaints and the counterclaims, the court will construe the motion as applying to both.
 

 Pursuant to Practice Book § 384, summary judgment is appropriate when “the pleadings, affidavits and any
 
 *278
 
 other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” (Internal quotation marks omitted.)
 
 Suarez
 
 v.
 
 Dickmont Plastics Corp.,
 
 229 Conn. 99,105, 639 A.2d 507 (1994). The party moving for summary judgment “has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitled him to a judgment as a matter of law.” (Internal quotation marks omitted.) Id. Furthermore, summary judgment is “apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial.”
 
 United Oil Co.
 
 v.
 
 Urban Redevelopment
 
 Commission, 158 Conn. 364, 375, 260 A.2d 596 (1969).
 

 In the present cases, the plaintiff is moving for summary judgment on the ground that there is no genuine issue of material fact that medical services were rendered to the defendants, that the charges for those services were reasonable, and that the defendants owe the plaintiff payment for those services. Further, the plaintiff claims that the two special defenses and the counterclaims are invalid as a matter of law and, therefore, that summary judgment should enter in its favor on both the complaints and counterclaims. In the motion for summary judgment, the plaintiff is not disputing the factual allegations of the special defenses and counterclaims, but claims that, irrespective of the facts alleged, the legal conclusions are wrong and, therefore, the special defenses and counterclaims are legally without merit.
 

 The first special defense alleges that the plaintiff has failed to comply with its obligations under the Hill-Burton Act regulations, specifically 42 C.F.R. § 124.504, and that since the hospital bills in question should be covered under the Hill-Burton Act the plaintiff cannot recover from the defendants.
 

 
 *279
 
 The second special defense alleges that the defendants qualified for free medical care under one or more of the plaintiffs hospital bed funds trusts, that the plaintiff failed to comply with its statutory obligations regarding notice of availability of coverage through these trusts, and, therefore, the plaintiff cannot recover from the defendants.
 

 The counterclaim alleges that in violating the notice provisions of both the Hill-Burton Act and the statutes pertaining to its hospital bed funds trusts, the plaintiff has engaged in unfair or deceptive acts, has violated General Statutes § 42-110b of CUTPA, and the defendants seek damages and attorney’s fees.
 

 With respect to the two special defenses, it is the plaintiffs position that an alleged failure to comply with the Hill-Burton Act is not a valid defense to a suit on an unpaid hospital bill, and that a private cause of action for personal relief does not exist under the hospital bed funds statutes. The primary basis of these claims is a reliance on a 1974 case decided by the Appellate Division of the Court of Common Pleas of the state of Connecticut. That case held: “All the cases brought to our attention by counsel or our own research involve the question of standing of nongovernmental plaintiffs in class action suits to compel compliance with the provisions of the Hill-Burton Act. No case has been cited, nor have we found any which holds that a private party has the individual right to enforce commitments made by a hospital to either the state or the federal government. Even if it were assumed that private parties might have standing as interested plaintiffs to enforce obligations under [the Hill-Burton Act], it does not logically follow that former patient defendants in a collection action by a hospital for services previously rendered have the right to refuse payment of a hospital bill because of the alleged failure of the hospital to comply with its Hill-Burton [Act] obligations.”
 
 Yale-New
 
 
 *280
 

 Haven Hospital
 
 v.
 
 Matthews,
 
 32 Conn. Sup. 539, 544, 343 A.2d 661 (1974), cert. denied, 423 U.S. 1024, 96 S. Ct. 467, 46 L. Ed. 2d 398 (1975).
 

 The plaintiff also refers in its memorandum to a case from a United States District Court in Pennsylvania, which stated: “In reviewing [the Hill-Burton Act] the court cannot find any provision permitting a person to bring aprivate cause of action for personal relief.”
 
 White
 
 v.
 
 Moses Taylor Hospital,
 
 763 F. Sup, 776, 782 (M.D. Pa. 1991).
 

 In response to the plaintiffs claims concerning the special defenses, the defendants maintain that the Hill-Burton Act and the hospital bed funds statute were intended to benefit indigent persons, that the defendants have established indigency by their affidavits, and, therefore, that the defendants do have a private right to enforce the provisions of both the federal and state laws. Further, the defendants claim that even if it is found that they have no private right of action, this does not prevent them from raising a claim of a violation of these statutes by way of a special defense to a suit seeking to collect a hospital bill.
 

 Courts in several cases have ruled that persons in the position of these defendants do have both a private right of action to enforce the provisions of the Hill-Burton Act, as well as the right to raise noncompliance as a defense in a suit on a hospital bill. “Thus the legislative history and the expressed purposes of Congress indicate that the [Hill-Burton] Act was passed to ensure that the indigent would be supplied sufficient hospital services when needed. With this clear intent, it is not decisive that the language of the [Hill-Burton] Act included no explicit indication that indigents were to have a right to enforce the [Hill-Burton] Act’s provisions. A civil remedy may be implied for those clearly within the protective realm of legislation or regulations
 
 *281
 
 in the public interest. ... In receiving federal funds, appellees obligated themselves to dispense a reasonable amount of free hospital services to those unable to pay. With the obligation established, it is clear that appellants have standing to enforce the obligation. The appellants are the intended beneficiaries of the Federal obligation sought to be enforced here and have standing to maintain this action.”
 
 Euresti
 
 v.
 
 Stenner,
 
 458 F.2d 1115, 1118-19 (10th Cir. 1972).
 

 In a New Jersey case that involved a suit by a hospital to collect an unpaid hospital bill the court held that the defendant could plead in defense the failure of the hospital to comply with the Hill-Burton Act, and that failure of the hospital to give the required notice under the Hill-Burton Act would constitute an absolute bar to the right of the hospital to sue for its bill. The court specifically rejected the holding of
 
 Yale-New Haven Hospital
 
 v.
 
 Matthews,
 
 supra, 32 Conn. Sup. 539. “First, we are satisfied that either a medically indigent individual or a class of such individuals or the representative of such a class has the right to pursue a civil remedy against a hospital in order to compel its compliance with its Hill-Burton [Act] obligations. This was the holding of
 
 Euresti
 
 v.
 
 Stenner,
 
 [supra, 458 F.2d 1115], which based that right upon two separate and independent considerations. . . . That reasoning has been generally adopted by the federal courts. See
 
 Saine
 
 v.
 
 Hospital Auth. of Hall Cty.,
 
 502 F.2d 1033 (5 Cir. 1974);
 
 Newsom
 
 v.
 
 Vanderbilt University,
 
 [453 F. Sup. 401 (M.D. Tenn. 1978)];
 
 Corum
 
 v.
 
 Beth Israel Medical Center,
 
 359 F. Supp. 909 (S.D.N.Y. 1973). We are persuaded by
 
 Euresti’s
 
 reasoning, recognizing this jurisdiction’s acceptance of the principle that the public policy and public interest intended to be promoted by remedial social legislation are ordinarily advanced by implying therefrom a judicially cognizable cause of action which enforces the legislative purpose. See
 
 Bally
 
 v.
 
 Copygraphics,
 
 173 N.J.
 
 *282
 
 Super. 162 [413 A.2d 960] (App. Div. 1980). Accordingly, we reject the contrary views of the two state courts upon which the Law Division in
 
 Cooper Medical Center
 
 v.
 
 Joyner,
 
 [165 N.J. Super. 482, 430 A.2d 261 (1979)], relied in reaching a contrary result. See
 
 Yale-New Haven Hosp.
 
 v.
 
 Matthews,
 
 [supra, 32 Conn. Sup. 539];
 
 Valley Credit Service, Inc.
 
 v.
 
 Mair,
 
 35 Or. App. 637, 582 P.2d 47 (App. Ct. 1978). In the context, moreover, of securing rights vouchsafed by statute, we perceive no distinction between an affirmative right of action and a defensive right. The remedy indeed may be the same. See, e.g.,
 
 Newsom
 
 v.
 
 Vanderbilt University,
 
 supra, [430], an affirmative action brought to insure prospective compliance in which, among the district court’s remedial orders, was the provision enjoining the hospital-defendant ‘from bringing, or having brought on its behalf, any action to collect amounts owed by any patient for services that would have qualified as Hill-Burton [Act] care but for the improper acts of defendant hospital.’ ”
 
 Hospital Center at Orange
 
 v.
 
 Cook,
 
 177 N.J. Super. 289, 299-300, 426 A.2d 526 (1981).
 

 “The final question, then, is the effect of the Hospital’s noncompliance here on its right to collect its bill. We conclude that the nature of the noncompliance here precludes it from so doing. For the reasons we have heretofore indicated, the most effective and expeditious way to ensure hospital compliance with its Hill-Burton [Act] responsibilities is to ensure that persons eligible for that assistance request it. They obviously cannot request it unless they know about its availability. And they will not know about its availability unless the hospital tells them about it. . . . Accordingly, we hold that the failure of a Hill-Burton [Act] obligated hospital to have given required notice to a medical indigent or one who is presumptively a medical indigent, as defendant here clearly is, constitutes an absolute bar to the right of the hospital to sue for its bill for services rendered
 
 *283
 
 to such person.” Id., 303; see
 
 Flagstaff Medical Center, Inc. v. Sullivan,
 
 962 F.2d 879, 887-89 (9th Cir. 1992), (which refused to follow reasoning in
 
 White
 
 v.
 
 Moses Taylor Hospital,
 
 763 F. Sup. 776 [M.D. Pa. 1991], case cited by plaintiff); see also
 
 Whiter. Moses Taylor Hospital,
 
 841 F. Sup. 629, 633 (M.D. Pa. 1992).
 

 This court is of the opinion that the cases holding that persons in the position of the defendants here do have a private right of action under the Hill-Burton Act are more persuasive than the cases cited by the plaintiff to the contrary and, therefore, that the defendants do have the right to make the claim asserted in their first special defense.
 

 This court agrees with the reasoning of Judge Sponzo in his dissent in
 
 Yale-New Haven Hospital
 
 v.
 
 Matthews,
 
 supra, 32 Conn. Sup. 552-53: “A special defense would be the most effective and appropriate form of relief. The Hill-Burton Act beneficiary, by means of a defense in a collection suit, will be able to assert his rights in the context of a dispute which then and there affects his economic interests. He should not be requested to use the more cumbersome procedure of a class action seeking declaratory and injunctive relief before he asserts his legal rights. It is true that such a defense is novel, but ‘[a]n action or defense, although one of first impression, maybe maintained if, under any recognized principle of law, the facts involved constitute a violation of a legal right.’ 1 C.J.S., Actions, § 16.”
 

 Although the determination that the first special defense is legally valid is dispositive of the motion for summary judgment on the complaints, the court is of the opinion that the reasoning of the cases cited as applied to the first special defense raising a violation of the Hill-Burton Act is equally applicable to the claim of a violation of the hospital bed funds statute made in the second special defense. In addition, these statutes
 
 *284
 
 clearly satisfy the three-pronged test enunciated by the United States Supreme Court in
 
 Cort
 
 v.
 
 Ash,
 
 422 U.S. 66, 78, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975), and adopted by the Connecticut Supreme Court in
 
 Marshak
 
 v.
 
 Marshak,
 
 226 Conn. 652, 664 n.13, 665, 628 A.2d 964 (1993): “In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff ‘one of the class for whose
 
 especial
 
 benefit the statute was enacted’ . . . ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?” (Citations omitted; emphasis in original.)
 
 Cort
 
 v.
 
 Ash,
 
 supra, 78.
 

 The statute in question was obviously enacted for the benefit of indigent persons like the defendants, there is no indication in the statute that either creates or denies a private remedy, and to allow a private cause of action is consistent with the purposes of the statute.
 

 The motion for summary judgment, insofar as it pertains to the counterclaims filed by the defendants, asserts that since the defendants have no private cause of action under either the Hill-Burton Act or the hospital bed funds statute, then they also do not have a private action under CUTPA for violations of those statutes. In view of the court’s conclusion that private causes of action do exist under both the Hill-Burton Act and the hospital bed funds statute, it is apparent that allegations of violations of those statutes can be the basis of a CUTPA claim.
 

 Even if the court had found that no private cause of action exists under the Hill-Burton Act or the hospital bed funds statute, however, this finding would not entitle the plaintiff to summary judgment on the CUTPA counterclaims.
 

 
 *285
 
 The Connecticut Supreme Court has consistently held that CUTPA is a remedial statute that should be broadly interpreted so as to protect consumers from unfair or deceptive trade practices.
 
 Normand Josef Enterprises, Inc.
 
 v.
 
 Connecticut National Bank,
 
 230 Conn. 486, 509, 646 A.2d 1289 (1994);
 
 Associated Investment Co. Ltd. Partnership
 
 v.
 
 Williams Associates IV,
 
 230 Conn. 148, 158, 645 A.2d 505 (1994);
 
 Hinchliffe
 
 v.
 
 American Motors Corp.,
 
 184 Conn. 607, 617, 440 A.2d 810 (1981).
 

 There are a considerable number of cases decided by the Connecticut Supreme Court where the court allowed a CUTPA claim to be made even though the alleged unfair acts were proscribed by a statute that did not provide for a private cause of action.
 

 In
 
 Mead
 
 v.
 
 Burns,
 
 199 Conn. 651, 662, 509 A.2d 11 (1986), the court held that a CUTPA claim could be made for alleged violations of the Connecticut Unfair Insurance Practices Act (CUIPA), even though the court did not determine whether a private cause of action existed under CUIPA.
 

 Similarly, the court held that one could maintain a CUTPA claim for alleged violations of the Landlord and Tenant Act, even though it had held in a previous case that no private cause of action existed under the Landlord and Tenant Act.
 
 Conaway
 
 v.
 
 Prestia,
 
 191 Conn. 484, 464 A.2d 847 (1983).
 

 In
 
 State
 
 v.
 
 Leary,
 
 217 Conn. 404, 587 A.2d 85 (1991), the court held that the violation of a criminal statute prohibiting ticket scalping could be the basis of a CUTPA claim even though there is no private cause of action in a criminal statute.
 

 The plaintiff also claims that since the hospital bed funds statute does not explicitly make a violation of the statute a CUTPA violation, such violation cannot
 
 *286
 
 be the basis for a CUTPA claim. While the legislature can indicate that a violation of a statute is a violation of CUTPA, as was done in the Home Improvement Act; General Statutes § 20-427 (b); this is not the only way to determine if particular conduct can be a CUTPA violation. Certain conduct can be identified as unfair and a violation of CUTPA by the commissioner of consumer protection. See
 
 Caldor, Inc.
 
 v.
 
 Heslin,
 
 215 Conn. 590, 577 A.2d 1009 (1990), cert. denied, 498 U.S. 1088, 111 S. Ct. 966, 112 L. Ed. 2d 1053 (1991). In addition, the Connecticut Supreme Court has utilized the criteria set out in the so-called “cigarette rule” adopted by the federal trade commission to determine whether certain conduct is unfair. “We have recently reviewed the nature and scope of the broad prohibition of CUTPA against unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes § 42-110b (a). It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen], . . .
 
 Cheshire Mortgage Service, Inc.
 
 v.
 
 Montes,
 
 223 Conn. 80,105-106, 612 A.2d 1130 (1992). We also noted that [a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either
 
 *287
 
 an actual deceptive practice ... or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA. . . . Id., 106.” (Internal quotation marks omitted.)
 
 Associated Investment Co. Ltd. Partnership
 
 v.
 
 Williams Associates IV,
 
 supra, 230 Conn. 155-56.
 

 It will be for the trier to determine whether the alleged conduct of the plaintiff, as set forth in the counterclaims, rises to the level of a violation of CUTPA. The allegations of the counterclaims raise factual issues that cannot be resolved on a motion for summary judgment.
 

 Last, the plaintiff claims that the Hill-Burton Act preempts CUTPA under the supremacy clause of the United States constitution. This claim is without merit. Allowing state actions for conduct that is also a violation of the Hill-Burton Act does not interfere with or undermine the federal objectives in adopting the Hill-Burton Act.
 
 Flagstaff Medical Center, Inc.
 
 v.
 
 Sullivan,
 
 supra, 962 F.2d 879.
 

 For the foregoing reasons, the plaintiffs motions for summary judgment, filed November 16, 1994, in each of the three cases above, are denied.
 

 [1]
 

 The facts involved in the two Mitchell cases are identical. The facts in the Wilczynski case are slightly different from the facts of the Mitchell cases. The legal issues involved in each of the three cases, however, are identical. Thus, all three of the cases may be analyzed together.
 

 [2]
 

 The hospital bed funds statute regulates a hospital’s use and notification to the public of funds received by donation for the purpose of providing medical care to patients.