907 P.2d 673 (1995)
Joanne PERKINS, Plaintiff-Appellant,
v.
REGIONAL TRANSPORTATION DISTRICT, a special district, Defendant-Appellee.
No. 94CA1170.
Colorado Court of Appeals, Div. V.
April 20, 1995.
As Modified on Denial of Rehearing June 8, 1995.
Certiorari Granted December 4, 1995.
Certiorari Dismissed March 8, 1996.
*673 Fogel & Bluestein, David A. Fogel, Denver, for plaintiff-appellant.
Halaby Cross Liechty Schluter & Buck, Theodore S. Halaby, James B. Buck, Denver, for defendant-appellee.
Opinion by Judge DAVIDSON.
In this personal injury action, plaintiff, Joanne Perkins, appeals from the summary judgment entered in favor of defendant, the Regional Transportation District (RTD). We reverse and remand the cause with directions.
Plaintiff's complaint alleges she was injured while riding in an RTD-owned bus when the bus driver made an abrupt stop. The bus was leased to and operated by Laidlaw Transit, Inc. (Laidlaw) pursuant to an agreement with RTD.
The agreement between RTD and Laidlaw was entered into pursuant to § 32-9-119.5, C.R.S. (1994 Cum.Supp.), which requires RTD to implement a system whereby at least twenty percent of the district's bus service is provided by private businesses pursuant to competitively negotiated contracts.
Plaintiff asserted a negligence claim against the bus driver. She also asserted respondeat superior and negligent entrustment *674 claims against RTD and Laidlaw with respect to the bus driver's conduct.
RTD moved to dismiss for failure to state a claim and attached to its motion two affidavits stating the bus driver was employed by Laidlaw. RTD also attached the contract between RTD and Laidlaw, which included a provision that Laidlaw was an independent contractor and had exclusive control over its employees. Based on this evidence, RTD argued it could not be liable for the bus driver's conduct under a respondeat superior or negligent entrustment theory.
Plaintiff did not dispute that the bus driver was an employee of Laidlaw, but argued that the bus driver was also RTD's agent or employee. She submitted evidence that the bus driver and bus appeared to be an RTD driver and bus. She also pointed to provisions in the agreement between Laidlaw and RTD that gave RTD control over Laidlaw's operations and employees.
The trial court treated the motion as one for summary judgment, see C.R.C.P. 12(b), and granted it. The court found that Laidlaw was an independent contractor and that there was no agency relationship between RTD and the bus driver as a matter of law. Because plaintiff did not allege the activity in question was inherently dangerous, the trial court ruled there was no basis to hold RTD liable for the actions of its independent contractor's employees. And, because plaintiff did not allege that RTD knew or had reason to know the bus driver would drive the bus in a manner creating an unreasonable risk of harm, the trial court found no basis for the negligent entrustment claim.
Neither the bus driver nor Laidlaw is a party to this appeal. The trial court's order was certified to be a final judgment pursuant to C.R.C.P. 54(b).

I.
Plaintiff first contends there are genuine issues of material fact which preclude summary judgment on her respondeat superior claim. We agree that summary judgment in RTD's favor was error. We hold that, for purposes of respondeat superior liability, the bus driver was in an employment relationship with RTD.
Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Churchey v. Adolph Coors Co., 759 P.2d 1336 (Colo.1988).
The material facts presented to the trial court are not the subject of any genuine dispute, although the parties dispute the legal significance of those undisputed facts. Thus, we resolve the issue whether the bus driver was an employee of RTD as a question of law. See Harper v. San Luis Valley Regional Medical Center, 848 F.Supp. 911 (D.Colo.1994) (although the existence and degrees of each factor considered in determining whether there is an employment relationship are issues of fact, the legal conclusion to be drawn from those facts is a question of law); see also Brush Hay & Milling Co. v. Small, 154 Colo. 11, 388 P.2d 84 (1963).
Under the doctrine of respondeat superior, an employer is liable for the torts committed by an employee or agent while acting within the scope of his or her employment or agency. See McDonald v. Lakewood Country Club, 170 Colo. 355, 461 P.2d 437 (1969).
In order to sustain a claim based upon respondeat superior, a plaintiff must show that the defendant individually had actual control over or had the right to control the actions of the other. This liability derives historically from the power and ability of the employer to control the acts of the employee. Bauer v. Southwest Denver Mental Health Center, Inc., 701 P.2d 114 (Colo. App.1985).
The central element in an employer-employee relationship is the right of the employer to control the details of performance of the employee's duties. Dumont v. Teets, 128 Colo. 395, 262 P.2d 734 (1953); Magnuson v. Smith & Saetveit, P.C., 722 P.2d 1020 (Colo.App.1986); see also CJI-Civ.3d 7:6 (1989). The most important factor in determining whether a person is an employee *675 is the right to control, not the fact of control. Dana's Housekeeping v. Butterfield, 807 P.2d 1218 (Colo.App.1990).
In this regard, a key issue is whether the purported employer has the right to terminate the relationship without liability. Brush Hay & Milling Co. v. Small, supra. The right to discharge someone without liability inherently involves the right to control because it gives the power to control the smallest details and method of work. Allen Co. v. Industrial Commission, 762 P.2d 677 (Colo. 1988); Carpet Exchange of Denver, Inc. v. Industrial Claim Appeals Office, 859 P.2d 278 (Colo.App.1993); see also King v. Southwestern Greyhound Lines, Inc., 169 F.2d 497 (10th Cir.1948), cert. denied, 335 U.S. 891, 69 S.Ct. 245, 93 L.Ed. 428 (1948) (noting that numerous courts have held that the right to terminate a contract for services creates an employer-employee relationship as a matter of law).
Further, control over the means and methods of accomplishing the contracted-for result is inconsistent with "independent contractor" status. Frank C. Klein & Co. v. Colorado Compensation Insurance Authority, 859 P.2d 323 (Colo.App.1993). Thus, it is relevant also which party furnishes the necessary tools and equipment to perform the work. Brighton School District v. Lyons, 873 P.2d 26 (Colo.App.1993).
With these principles in mind, we turn to the contractual relationship between RTD and Laidlaw and its employees.
RTD has the contractual right to require Laidlaw to remove promptly any employee whom RTD considers unsuitable. RTD has the right to terminate the contract with Laidlaw at any time and for any reason at RTD's convenience.
Laidlaw cannot implement any aspect of performance under the agreement without written direction and authorization from RTD. RTD is statutorily required to specify the routes, schedules, and fares to be used by Laidlaw and to dictate numerous conditions governing Laidlaw's performance under the contract, including the training and safety record of any driver. Sections 32-9-119.5(2)(b) & 32-9-119.5(2)(d), C.R.S. (1994 Cum.Supp.).
Laidlaw is required to hire its employees in compliance with RTD's affirmative action goals and to submit data to RTD demonstrating its compliance. Laidlaw is required to notify RTD of any actual or potential labor disputes. RTD owns and supplies the buses and provides all materials and supplies needed under the agreement. All services performed by Laidlaw are subject to RTD's inspection and testing.
This undisputed evidence demonstrates that RTD has the right to control the bus driver's work activities, both directly through its right to require Laidlaw to remove any employee from any activity associated with the contract at RTD's request and indirectly through its right to control all aspects of Laidlaw's performance.
RTD relies upon the bus driver's affidavit that he was not an employee of RTD, and the contractual provisions which state, inter alia, that Laidlaw is an independent contractor, that Laidlaw's employees are under Laidlaw's exclusive direction and control, and that Laidlaw's employees are not employees of RTD. However, the bus driver's affidavit is not a statement of fact, but merely a conclusion. See Ginter v. Palmer & Co., 196 Colo. 203, 585 P.2d 583 (1978). And, how the parties refer to themselves in their contract is not dispositive. See Faith Realty & Development Co. v. Industrial Commission, 170 Colo. 215, 460 P.2d 228 (1969); Stampados v. Colorado D & S Enterprises, Inc., 833 P.2d 815 (Colo.App.1992).
Furthermore, although the contract provides that Laidlaw is responsible for paying the wages and maintaining the workers' compensation insurance for its employees, these factors do not outweigh RTD's right to control Laidlaw's employees pursuant to the other contractual provisions. That a worker can simultaneously be the employee of two persons is well-recognized in the law. Evans v. Webster, 832 P.2d 951 (Colo.App.1991).
Accordingly, we conclude, as a matter of law, that, for purposes of respondeat superior liability, the bus driver was in an employment relationship with RTD because of RTD's right to control the performance of his work. Therefore, plaintiff was entitled to assert a claim against RTD based on the bus *676 driver's alleged conduct, and the trial court's entry of summary judgment in RTD's favor on this claim was error.
Because of our disposition of this claim, we do not address plaintiff's contention that Laidlaw and the bus driver were engaged in an inherently dangerous activity.

II.
Plaintiff next contends the trial court erred in not allowing her to amend her complaint to include allegations to support her negligent entrustment claim or to support a claim that RTD was liable because the driver's activity was inherently dangerous.
Here, plaintiff did not seek to amend her complaint until after the trial court's entry of summary judgment. However, because we have concluded that the entry of summary judgment was error, plaintiff is not precluded from seeking similar relief upon remand. Creditor's Service, Inc. v. Shaffer, 659 P.2d 694 (Colo.App.1982).
The judgment is reversed, and the cause is remanded for further proceedings on plaintiff's complaint.
ROTHENBERG and KAPELKE, JJ., concur.