Richard H. VEINTIMILLA,
Plaintiff–Appellant,

v.

Rex L. DOBYANSKI and Beaver Creek
Resort Co., d/b/a Avon Beaver Creek
Transit, Defendants–Appellees.

No. 96CA1327.

Colorado Court of Appeals,
Div. IV.

Dec. 11, 1997.

Rehearing Denied Feb. 5, 1998.

Greenstein & Tyler, P.C., Cameron W. Tyler, Boulder, for Plaintiff–Appellant.

Law Office of Daniel J. Torpy, Daniel J. Torpy, Denver, for Defendants–Appellees.

Opinion by Chief Judge STERNBERG.

In this action arising from injuries suffered in a rear-end collision between two buses, plaintiff, Richard H. Veintimilla, appeals from the dismissal of his negligence claims against defendants, Rex Lee Dobyanski (driver) and The Beaver Creek Resort Company (BCRC). He contends that the trial court erred in ruling that BCRC was not the driver's employer and that the driver was a public employee protected by governmental immunity. We reverse and remand for further proceedings.

BCRC entered into an agreement with the Town of Avon (Town) to provide shuttle bus service for residents, visitors, and employees of the Beaver Creek subdivision and resort, which lies outside the Town boundaries. Under the agreement, BCRC provided the buses and other necessary equipment and facilities and the Town operated the service, known as Avon/Beaver Creek Transit (ABCT). The Town hired and supervised ABCT personnel, including bus drivers; however, BCRC reimbursed the Town for all

drivers' expenses including wages and benefits.

Plaintiff suffered injuries in a collision in which an ABCT shuttle bus driven by Dobyanski struck the rear of plaintiff's parked bus. He brought negligence claims against both the driver and BCRC, alleging that BCRC was the driver's employer and that the driver was acting within the scope and course of his employment.

Defendants moved for dismissal, contending that BCRC was not the driver's employer, that the driver was employed by the Town, d/b/a ABCT, and that because plaintiff did not give timely notice of the claim to the Town as required by the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1997, his claims against the driver could not be maintained. After granting plaintiff's motion for limited discovery, including taking depositions from representatives of BCRC and the Town, the trial court granted the motion, agreeing that plaintiff had no cause of action against defendant BCRC and that defendant Dobyanski was a public employee immune from suit under the Act. This appeal followed.

## I. Summary Judgment

On review, because matters outside the pleadings were presented to and not excluded by the trial court, we treat the motion as one for summary judgment. C.R.C.P. 12(b).

Summary judgment is a drastic remedy and should be granted only upon a showing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Perkins v. Regional Transportation District*, 907 P.2d 672 (Colo.App.1995). Here, there was no genuine factual dispute; rather, what the parties contested was the legal significance of the facts. Thus, we address the issue whether the driver was an employee of BCRC as a question of law. *See Perkins v. Regional Transportation District, supra.*

## II. Employment Relationship

■ Plaintiff first contends that the trial court erred in determining that BCRC was not Dobyanski's employer. He argues that, because BCRC had the right to exert some control over the operation of the bus system, it was a co-employer. We agree.

■ Under the doctrine of *respondeat superior*, an employer is liable for torts committed by its employee or agent while acting within the scope of employment. *See McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969).

■ In order to prevail on a claim based on *respondeat superior*, a plaintiff must show that the employer controlled or had the right to control the actions of its purported employee. *See Dumont v. Teets*, 128 Colo. 395, 262 P.2d 734 (1953).

The central element in an employer-employee relationship is the right of the employer to control the details of performance of the employee's duties. The most important factor in determining whether a person is an employee is the right to control, not the fact of control. *Dana's Housekeeping v. Butterfield*, 807 P.2d 1218 (Colo.App.1990); *CJI–Civ.3d* 7:6 (1989).

■ In this regard, a key issue is whether the purported employer has the right to terminate the relationship without liability. *Brush Hay & Milling Co. v. Small*, 154 Colo. 11, 388 P.2d 84 (1963). Further, control over the means and methods of accomplishing the contracted-for result may establish an employer-employee relationship. Thus, it is also relevant which party furnishes the necessary tools and equipment to perform the work. *Brighton School District v. Lyons*, 873 P.2d 26 (Colo.App.1993).

In *Perkins v. Regional Transportation District, supra,* a division of this court considered a similar issue to that presented here. There, the Regional Transportation District (RTD) owned a bus in which a plaintiff suffered injuries; the bus was leased to and operated by another entity pursuant to the statute that required twenty percent of RTD's service to be provided by private contractors. Analyzing the elements of control there, including RTD's right to remove unsuitable employees, the division concluded that, for purposes of *respondeat superior* liability, the bus driver was in an employment relationship with RTD. Citing *Evans v.*

*Webster*, 832 P.2d 951 (Colo.App.1991), the division noted the principle that a worker may simultaneously be the employee of two persons or entities.

Like RTD in *Perkins v. Regional Transportation District, supra,* BCRC had a limited right to control the activities of ABCT drivers. According to the agreement between BCRC and the Town, BCRC provided all the equipment necessary for drivers to perform their jobs and specified the bus system policies, performance objectives, schedules, and routes. Significantly, the Town did not retain complete control over the hiring and discharge of drivers.

Although BCRC did not have the absolute contractual right to remove unsuitable employees, as RTD did in *Perkins,* the agreement did require that the Town hire employees in compliance with BCRC's affirmative action goals and established BCRC's right to require the Town to "take prompt action" to remedy any employee performance deemed "inadequate" by BCRC. Indeed, BCRC's Director of Resort Operations testified in his deposition that BCRC could make suggestions and recommendations regarding employee performance:

> We have a very—I guess if you went up and asked an average homeowner, he would probably feel he was very affluent. And to have a Town from outside of Beaver Creek operating a system as important as the transportation system within Beaver Creek, you would want the ability to suggest improvements at any time.

Finally, BCRC had the right to terminate the contract with the Town at any time. And, while the Town paid the drivers' wages and benefits, BCRC reimbursed the Town for these costs.

These facts lead to the conclusion that BCRC had sufficient control over the manner in which the ABCT driver performed his job duties to create an employer-employee relationship. Therefore, plaintiff was entitled to assert a claim against both the driver and BCRC based on the driver's alleged conduct, and the trial court erred in dismissing plaintiff's claim on this basis.

Because we conclude that an employment relationship existed, it is not necessary to address plaintiff's alternative theories of liability that BCRC entered into a joint venture with the Town to operate the bus service or that the agreement between BCRC and the Town was a sham.

The judgment of dismissal is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judge NEY and Judge ROY concur.